■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOHN DABEK, Respondent.— Order unanimously reversed, demurrer disallowed, and indictment reinstated. Memorandum: The indictment charged defendant with a violation of section 1308 of the Penal Law for " buying, receiving, concealing or withholding stolen or wrongfully acquired property * * * in that he * * * knowing that the same had been stolen or wrongfully acquired, wilfully and unlawfully received, concealed and withheld ". The defendant interposed a demurrer to the indictment on the ground that it did not comply with subdivision 2 of section 275 of the Code of Criminal Procedure in that it did not contain " a plain and concise statement of the act constituting the crime ", by reason of the fact that the accusatory portion of the indictment was in the disjunctive and the specification portion of the indictment contained the conjunctive. The court sustained the demurrer on the ground the indictment failed to inform the defendant of the specific nature of the charge. Section 1308 of the Penal Law defines the crime in the disjunctive as set forth in the accusatory portion of the indictment. We believe that the indictment sufficiently charges the crime and meets the requirement of being a plain and concise statement of a violation of section 1308. As is evident from the statute, the offense may be committed in one or more of various ways: " It was not necessary to prove that the defendant did all of the specific acts charged in the indictment, to justify a conviction. It was sufficient to prove that he did any one of the acts constituting the offense." (*Bork* v. *People*, 91 N. Y. 5, 13, 14.) Sufficiency of an indictment should be upheld where it contains the essential constituents of the crime and informs the defendant of the crime charged. " In applying this test we are to construe the indictment liberally and reject the objection if it is technical or impracticable." (*People* v. *Farson*, 244 N. Y. 413, 417.) Defendant further has the right to obtain a bill of particulars if he desires additional information as to the nature of the charge. The indictment clearly states the crime charged and it was error to have sustained the demurrer.

(Appeal by the People from order of Erie County Court allowing a demurrer to the indictment.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ. [33 Misc 2d 437.]