THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MICHAEL J. NICHOLAS, Appellant.

Third Department, July 8, 1970.

*Ungerman & Harris* (*Joseph Harris* of counsel), for appellant.

*Con G. Cholakis, District Attorney,* for respondent.

Cooke, J. This is an appeal from a judgment of the County Court of Rensselaer County, rendered March 10, 1967 upon a verdict convicting defendant of a violation of section 1141 of the former Penal Law, entitled "Obscene prints and articles".

During trial, after 50 reels of film which defendant allegedly sold had been received in evidence, six of them were exhibited to the jury, during which showing the general public was excluded over defense counsel's objection. While it is "the law of the land" that no man's life, liberty or property be forfeited as a punishment until there has been a charge fairly made and fairly tried in a public tribunal (*Matter of Oliver,* 333 U. S. 257, 278) and while in New York a speedy and public trial in all criminal prosecutions is guaranteed by statute (Civil Rights Law, § 12; Code Crim. Pro., § 8), subject to certain exceptions not relevant here (Judiciary Law, § 4), the public trial concept has never been viewed as imposing a rigid, inflexible straitjacket on the courts but, rather, it has been held to be subject to the inherent power of the court to preserve order in the courtroom, to protect the rights of parties and witnesses and, generally, to further the administration of justice (*People* v. *Jelke,* 308 N. Y. 56, 63). The courtroom shades having been drawn and the lights turned off, it was not unreasonable for the court to exclude the general public merely during the film display for purposes such as to foster decorum and to protect the parties from prejudicial expressions that might emanate from the darkness. Defendant's contention that, when the courtroom was cleared of spectators, it

was the equivalent of a charge that the motion pictures were obscene, is answered by the court's actual charge on that subject, which appellant's brief admits was correct. Certainly, defendant was not prejudiced by the clearance in this respect, since he previously had offered in the jury's presence to stipulate that the films were obscene.

This case is strikingly different from *Jelke* where the public and press were excluded throughout the whole of the prosecution's case. In *People* v. *Hagan* (24 N Y 2d 395), it was held recently that, if for a good reason directly related to the management of the trial, the courtroom is closed during the testimony of a witness and otherwise kept open to the press and public, a defendant is not necessarily deprived of a " public " trial (pp. 397–398). Here, the general public was not barred during the taking of any testimony, merely during the jury's examination of an exhibit which had been received in evidence. Even if there were error in the exclusion, it should be held beyond a reasonable doubt that it was harmless (*Chapman* v. *California,* 386 U. S. 18, 23, 24; *People* v. *Hagan, supra,* p. 400).

Since there had been neither a court dismissal of the earlier indictment nor an initial refusal of the Grand Jury to indict, the District Attorney was privileged to resubmit the matter, without court order and despite the pendency of the motion to dismiss, and the indictment under which defendant was convicted was not invalidly obtained (*People* v. *Rodriguez,* 11 N Y 2d 279, 285–286). It is presumed that the indictment was based upon legal and sufficient evidence in the absence of satisfactory proof to the contrary (*People* v. *Glen,* 173 N. Y. 395, 403). Where an offense may be committed by doing any one of several things, the indictment may, in a single count, group them together and charge the defendant with having committed them all, and a conviction may be had on proof of the commission of any one of the things, without proof of the commission of the others (*Bork* v. *People,* 91 N. Y. 5, 13; *People* v. *Dabek,* 18 A D 2d 773; *People* v. *Farson,* 218 App. Div. 488, 490, affd. 244 N. Y. 413). The indictment contains a sufficient description of the crime charged (cf. *People* v. *Shingles,* 281 App. Div. 647, 648).

In order that motion picture films be considered obscene, it is necessary that three elements coalesce: it must be established that (a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value (*Memoirs* v. *Massachusetts,* 383 U. S. 413, 418; *Roth* v. *United*

*States,* 354 U. S. 476, 489). *Roth* and its progeny were not impaired by *Stanley* v. *Georgia* (394 U. S. 557), a case dealing with mere private possession of obscene material (p. 568). The jury was instructed correctly as to obscenity and we cannot say that their application of the standards was in error.

The judgment should be affirmed.

HERLIHY, P. J., AULISI, STALEY, JR., and SWEENEY, JJ., concur.

Judgment affirmed.