■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WOOD, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered October 29, 1984, upon a verdict convicting defendant of the crime of assault in the third degree.

As a result of a neighborhood squabble in the Town of Hillsdale, defendant was charged in Town Court with two counts of third degree assault, a misdemeanor. Subsequently, defendant moved to dismiss on speedy trial grounds. The motion was summarily denied and defendant apparently took an appeal. Defendant was then indicted and charged with one count of third degree assault. On December 5, 1983, the People filed a letter indicating their readiness for trial. A second motion to dismiss on speedy trial grounds was then denied. After a jury trial, defendant was found guilty as charged. This appeal by defendant ensued.

There must be a reversal. CPL 30.30 (1) (b) requires that a misdemeanor charge be dismissed if the People are not ready for trial within 90 days of commencement of the criminal action. To be excluded from the 90 days are periods of delay for which the defendant is chargeable, such as delay resulting from demands to produce, pretrial motions and continuances (CPL 30.30 [4]). This criminal action was commenced on March 13, 1983 when informations were filed with Town Court (see, CPL 1.20 [1] [17]). Even though defendant was subsequently indicted, the time period commenced when the informations were filed (see, People v Osgood, 52 NY2d 37, 43). From defendant's own papers, it is apparent that some time periods must be excluded. Here, it appears that defendant requested an adjournment until April 20, 1983 to make motions, although none were actually made. From July 20 until July 29, 1983, defendant was without an attorney through no fault of the court. Also excludable is the time from August 30, 1983, when defendant moved to dismiss, to September 7, 1983, when the motion was denied.* The period from October 24 to October 31, 1983 is excludable due to defendant's demand to produce. Finally, defendant made an omnibus motion on November 28, 1983 which had not yet been decided when the People filed their statement of readiness. It is apparent that, without even reaching defendant's contention that the certificate was ineffective, and after eliminating the excludable periods, more than 90 days elapsed and defendant had not been brought to trial. In response to defendant's motion, the People simply made vague assertions regarding excludable periods without specifying any dates whatsoever. The Court of Appeals has held that the burden of demonstrating the exis-

---

* No time need be excluded due to defendant's appeal of the denial of his first speedy trial motion. Such an order is not appealable (CPL art 450). Further, such action does not cause delay on the part of the court or the People since no action is required until the appeal is perfected by defendant.

tence of excludable periods is on the People *(People v Berkowitz,* 50 NY2d 333, 349). Since defendant established that he was not brought to trial within 90 days of commencement of the action, and the People failed to establish sufficient excludable periods, the action should have been dismissed.

Judgment reversed, on the law, and indictment dismissed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.