(January 22, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD J. WEEKS, Appellant.—Casey, J. Appeal from a judgment of the County Court of Tompkins County (Kepner, Jr., J.), rendered October 26, 1983, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (two counts) and sexual abuse in the second degree.

Initially, defendant was charged in the Town Court of the Town of Dryden, Tompkins County, on January 23, 1982 by felony complaint with the crime of sexual abuse in the first

degree involving his stepdaughter. Defendant requested time to obtain counsel and when counsel was assigned, negotiations were commenced preparatory to a possible plea bargain which, with adjournments at defendant's request, lasted until May 1982. On May 7, 1982 defendant signed a waiver of indictment. By superior court information bearing the same date, defendant was charged with two counts of sexual abuse committed on his stepdaughter on December 12, 1981 and December 31, 1979. After further attempted negotiations, defendant, the District Attorney and a County Judge, on May 18, 1982, signed a preplea investigation authorization for a county Probation Department investigation. Plea negotiations proved futile in August 1982 when defendant notified the District Attorney that he refused to plead guilty. The District Attorney elected to present the matter to the Grand Jury. The initial presentation scheduled for August 31, 1982 was postponed until September 28, 1982 due to the victim's emotional upset. Defendant was indicted on that date. The indictment charged defendant with attempted rape in the first degree (three counts), attempted rape in the second degree, attempted sexual abuse in the first degree and sodomy in the first degree, all involving his stepdaughter, at various times from a week after Thanksgiving 1978 to the last two weeks of May 1981. Defendant was arraigned on October 7, 1982, at which time he pleaded not guilty and received permission to file pretrial motions by November 15, 1982, while remaining at liberty on his own recognizance.

On November 16, 1982 defendant filed an omnibus motion, which was argued on December 13, 1982, and on which County Court rendered decisions on January 18, 1983 and March 1, 1983. On April 12, 1983 a special prosecutor was appointed to represent the People due to a conflict of interest in the District Attorney's office. By letter dated April 28, 1983 defendant was informed that his case was on the court's "ready calendar". On May 11, 1983 a new special prosecutor was appointed after it was determined that the prior special prosecutor had a conflict of interest. On June 1, 1983 a notice of trial was issued by County Court scheduling the matter for June 17, 1983. On June 6, 1983 defendant's attorney and defendant appeared before the court and the court was informed that defendant was not cooperating and intended to obtain private counsel. Counsel was relieved of his assignment and defendant retained new counsel, who moved on June 22, 1983, by order to show cause, for dismissal of the indictment on speedy trial grounds or, in the alternative, for an adjourn-

ment until the next term of court commencing July 18, 1983. The motion to dismiss was denied and trial commenced on July 19, 1983. At the close of the People's evidence, the court dismissed counts V and VI of the indictment for insufficiency of evidence. The jury acquitted defendant of count I and convicted him of lesser included offenses of counts II, III and IV. Defendant was sentenced to four months' imprisonment to be served intermittently and to a term of five years' probation.

On this appeal, defendant argues the deprivation of his right to a speedy trial. The bare allegation contained in the People's answer that they were prepared to proceed to trial at all times after the superior court information was filed on May 7, 1982 is insufficient to establish the People's readiness (see, People v O'Neal, 99 AD2d 844; People v Santiago, 96 AD2d 720). The period in question here must, therefore, be calculated from the time the criminal action was commenced (January 23, 1982) until the date of the motion to dismiss (June 22, 1983) (People v Kardum, 84 AD2d 663). The burden is on the People to show that the time in excess of the six-month statutory period (CPL 30.30 [1] [a]) is excludable from the time period in question (People v Lawson, 112 AD2d 457).

On January 23, 1982, at defendant's arraignment on the felony complaint, his request for an adjournment to obtain counsel was granted and counsel was retained on February 17, 1982. This delay cannot be charged to the People (see, CPL 30.30 [4] [b]; People v Wood, 115 AD2d 834, 835). For lack of explanation or excuse, the period from February 17, 1982 to March 15, 1982 (27 days) should be charged to the People. From March 15, 1982 to May 7, 1982, plea negotiations, defendant's adjournments and his waiver of indictment on May 7, 1982 should not be held attributable to People; from May 7, 1982 to June 18, 1982, plea negotiations and a preplea investigation were held, requiring the exclusion of that period. These negotiations continued until August 1982 when defendant notified the District Attorney that he would not plead guilty. That period is also excludable (see, People v Friscia, 51 NY2d 845). The 30-day period in the month of August 1982 when the matter was scheduled for Grand Jury presentation is chargeable to the People. From August 31, 1982 to September 1982 is not chargeable to the People since the victim was emotionally upset (see, CPL 30.30 [4] [g]). From the date of indictment, September 28, 1982, until defendant's arraignment on October 7, 1982 is chargeable to the People. When defendant requested an opportunity to file an omnibus motion at arraignment, the ensuing time until the filing of the motion

is excludable. Defendant concedes that from November 16, 1982 until February 1, 1983 is excludable. We find the period from February 1, 1983 to March 1, 1983 also should be excluded because County Court rendered its two decisions during that time (see, CPL 30.30 [4] [a]). The time between March 1, 1983 and April 12, 1983 is chargeable to the People. However, the period from April 12, 1983, when the first special prosecutor was appointed, until June 22, 1983, the date of defendant's speedy trial motion, should be excluded. Thus, the total time of delay attributable to the People is some 107 days. The People were, therefore, ready for trial timely under CPL 30.30.

Defendant further claims that County Court's ruling on his *Sandoval* motion was erroneous, insofar as the ruling would permit inquiry on his cross-examination of prior similar sexual acts involving the same victim, showing his propensity for the commission of crimes such as the ones charged, and prevented him from testifying in his own behalf. We find no abuse of the court's discretion in this regard. Acts similar in nature to the crime charged are not automatically precluded *(People v Lee,* 116 AD2d 740, 742). Defendant's trial position here was that he did not engage in any sexual misconduct with the victim. If he had elected to testify, it would have been proper to inquire about the prior acts as probative of defendant's credibility (see, *People v Crandall,* 108 AD2d 413, 415). Moreover, this court has held admissible uncharged incidents of sexual misconduct by a defendant as " 'reasonably [indicative of] a continuity of the lascivious disposition' " of the parties in such cases *(People v James,* 98 AD2d 863, 864, quoting *People v Thompson,* 212 NY 249, 254).

We have examined defendant's claim of confusion in County Court's voir dire charge to prospective jurors and find no error. As to defendant's claim concerning the permitted amendment of count IV of the indictment, on the eve of trial, from attempted sexual abuse in the first degree to sexual abuse in the first degree, we again find no error. The factual allegations of the indictment are controlling *(People v Randall,* 9 NY2d 413) and the language of the indictment charged sexual abuse, not an attempt. The amendment, therefore, was only technical and proper under CPL 200.70. The judgment of conviction should in all respects be affirmed.

Judgment affirmed. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.