■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL NORMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered March 28, 1983, convicting him of attempted burglary in the first degree, upon his plea of guilty, and imposing sentence.

judgment of the Supreme Court, Westchester County (Nastasi, J.), rendered November 29, 1984, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On October 5, 1982 and March 7, 1983, respectively, an undercover detective, acting through intermediaries, purchased heroin from the defendant. The detective was actually present when the crimes took place and observed them occur.

The defendant contends that the hearing court's *Sandoval* ruling was erroneous and prevented him from testifying. His past criminal acts demonstrate his willingness to place his interest ahead of that of society and we cannot say that the court's ruling was an abuse of its discretion *(see, People v Sandoval,* 34 NY2d 371).

Although the testimony by a police lieutenant that he had taken the defendant's picture from a certain file could have allowed the jury to infer that the defendant had a prior criminal record, the court's prompt and thorough curative instructions alleviated any effect it may have had and thus the defendant's motion for a mistrial was properly denied *(see, People v Santiago,* 52 NY2d 865). In any event, the error in this regard was harmless as the evidence of the defendant's guilt was overwhelming. We have examined the defendant's other contentions and find them to be without merit. Brown, J. P., Weinstein, Rubin and Spatt, JJ., concur.