■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN NORMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Kepner, J.), rendered February 11, 1985, convicting him of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to the police.

Ordered that the judgment is affirmed.

At a combined *Mapp* and *Huntley* hearing, Detective Bernice Kennedy testified that on June 24, 1983, at approximately

1:30 A.M., she and Lieutenant Robert Astorino, experienced officers with the Mount Vernon Police Department Special Investigation Unit, were working undercover in an area in where drugs are sold. Detective Kennedy further testified that a known police informant had told them that the defendant was selling drugs in front of 13 West Third Street. The defendant was known to the officers from prior sales in the area *(see, People v Norman,* 127 AD2d 798 [decided herewith]). The officers took up surveillance on the rooftop of a building across from 13 West Third Street. Kennedy observed the defendant, who he stated was "sort of" facing him, through binoculars from four stories up and about 30 to 40 feet away, for 3 to 4 minutes. The area where the defendant was standing was well lit. Kennedy observed a black male approach the defendant and hand him what appeared to be currency in exchange for a shiny white glassine envelope.

Kennedy proceeded to contact two uniformed officers who thereupon accompanied him to 13 West Third Street where the defendant was still standing. Kennedy informed the defendant that he was under arrest whereupon the defendant reached into the chest pocket of his windbreaker. Kennedy told him to remove his hand, and then grabbed his hand. While so doing, Kennedy felt small envelopes in the defendant's hand. These envelopes contained narcotics.

During the drive to the police station, Kennedy gave the defendant his *Miranda* rights from memory. The defendant stated that he understood his rights and would not answer questions.

At the station house, Kennedy read the defendant his *Miranda* rights from a card. The defendant did not ask for an attorney and stated that he understood his rights. Kennedy then asked the defendant what was in the glassine envelopes, to which the defendant replied that the smaller ones contained cocaine and the larger ones heroin, and that the cocaine sold for $7 and the heroin for $10 or more.

This appeal brings up for review those branches of the defendant's omnibus motion which were to suppress the physical evidence and his statements. We conclude, upon the evidence before the hearing court, that the police had probable cause to arrest the defendant *(see, People v McRay,* 51 NY2d 594).* That branch of the defendant's omnibus motion which was to suppress the physical evidence found on his person was properly denied because Detective Kennedy acted properly in grabbing the defendant's hand *(see, People v Mateo,* 122 AD2d

229). In any event, the physical evidence would have been found in a search incident to the defendant's lawful arrest *(see, People v Smith,* 59 NY2d 454).

That branch of the defendant's motion which was to suppress the statements made by the defendant was also properly denied. The fact that the defendant initially chose to remain silent did not preclude the police from asking him questions upon reiteration of his *Miranda* rights *(see, People v Kinnard,* 62 NY2d 910; *People v Gary,* 31 NY2d 68).

Lastly, the defendant claims that this sentence is excessive. However, we find that upon the circumstances of this case, the sentencing court did not abuse its discretion *(see,* Penal Law § 70.25 [1] [a]; *People v Brathwaite,* 63 NY2d 839; *People v Suitte,* 90 AD2d 80). Brown, J. P., Weinstein, Rubin and Spatt, JJ., concur.