■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY COKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered January 3, 1984, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's motion pursuant to CPL 30.30 (1) (a) was properly denied. As the defendant correctly contends, the hearing court improperly excluded from the time chargeable to the People a period of 13 days that a police detective, who did not testify at the trial, was on vacation *(see, People v Jones,* 68 NY2d 717). However, the court erred by including the 26-day period which the People took to respond to the defendant's discovery demand (demand to produce) *(see,* CPL 30.30 [4] [a]; *People v Wood,* 115 AD2d 834). The People anticipated that they would obtain some of the requested information from another detective; however, he was in a coma at the time and he suddenly passed away. Thus, the delay in responding to the defendant's request for discovery was not unreasonable and should not have been charged to the People. By including the 13-day period and excluding the 26-day period from the time chargeable to the People, the People were ready to proceed to trial well within the statutory period.

We further find that while the testimony of a witness to the effect that she had been shown the defendant's photograph by a police officer might have given rise to the inference that the

defendant had a prior criminal record, any error in this regard must be deemed harmless in view of the overwhelming evidence of the defendant's guilt, which, *inter alia,* included his own confession *(see, People v Norman,* 127 AD2d 798).

We have considered the defendant's remaining contention and find it to be without merit. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.