■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHRISTOPHER C. HAGMANN, Respondent.—Casey, J. Appeal from an order of the County Court of Madison County (Castellino, J.), entered June 27, 1989, which granted defendant's motion to dismiss the indictment.

The evidence presented to the Grand Jury reveals the following facts. On November 27, 1988 at about 1:55 A.M. in the Town of Eaton, Madison County, defendant was operating his Datsun motor vehicle, containing three passengers, easterly on State Route 20. The vehicle struck a guard wire, crossed into the westbound lane of Route 20 and rolled over, ejecting defendant and a 20-year-old friend, Douglas Youngs, who was later pronounced dead at the hospital. Prior to the accident, defendant and his passengers had been partying at a grill called "The Place". There was testimony that defendant had smoked marihuana and consumed three to five 12-ounce bottles of beer, five to six draft beers, tequila and four or five shots of liquor. There was also testimony that defendant drove

at or in excess of 60 miles per hour at the time of the accident. Defendant's conduct was described by Wanda Baucus, his date, who had accompanied him from 7:15 P.M. on the previous evening and observed his activity and actions continuously, and by Pamela Wolicki, the driver of a vehicle which defendant passed just before the accident.

At the hospital, Dr. David Petillo estimated defendant's blood alcohol content level between .12% and .15% based on his observation of defendant. An analysis of defendant's blood taken at the hospital at 5:32 A.M. showed a blood alcohol content of .05%. A forensic toxicologist testified that given the amount of alcohol consumed and the time that elapsed between the accident and the taking of the blood sample, the blood alcohol content was, in this expert's opinion, .11% at the time of the accident. The presence of THC metabolites in the blood was, according to the witness, consistent with the use of marihuana and, together with the alcohol, produced a "don't give a damn attitude".

All of this testimony, added to the medical testimony concerning the injuries sustained by decedent, was legally sufficient to support the Grand Jury's indictment. Defendant contends, however, that the District Attorney's failure to introduce testimony of witnesses who would state that defendant, in their opinion, was not intoxicated and testimony that Baucus attempted to grab the steering wheel (she denied doing so) infected the integrity of the Grand Jury proceeding. Defendant further urges that it was highly prejudicial for the prosecutor to permit evidence of the fact that defendant's father, a recently retired State Police officer, allegedly delayed and interfered with the timely investigation of the case. In our view, the failure to call defense witnesses and the testimony about defendant's father did not violate CPL 210.35 (5) to the extent of impairing the integrity of the Grand Jury or prejudicing defendant.

The Grand Jury need not be charged with the same degree of precision as the petit jury. The Grand Jury has to be supplied with "enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (People v Calbud, Inc., 49 NY2d 389, 394-395). Appropriate distinction must be drawn between exculpatory and mitigating defenses; while the District Attorney is required to submit proof of an exculpatory defense such as justification, he is not required to produce evidence that would reduce the gravity of the offense commit-

ted *(People v Valles,* 62 NY2d 36, 38-39). A Grand Jury proceeding is not intended to be an adversary proceeding except to the limited extent provided in CPL 190.50 (5) and (6), which are not relevant here. "The proper purpose of an indictment is to bring a defendant to trial upon a prima facie case which, if unexplained, would warrant a conviction" *(People v Brewster,* 63 NY2d 419, 422). The evidence presented to the Grand Jury here satisfied this standard. Defendant's attack seeks to make the proceeding adversarial and to raise issues of credibility as to the testimony of some of the witnesses. The integrity of the proceeding having been preserved and the evidence being legally sufficient to support the charges, County Court erred in dismissing the indictment for that reason.

The evidence previously outlined supported defendant's indictment for vehicular manslaughter in the second degree; driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (3); operating a motor vehicle with a blood alcohol content of .10% or more, in violation of Vehicle and Traffic Law § 1192 (2); driving while his ability is impaired by drugs, in violation of Vehicle and Traffic Law § 1192 (4); and failure to keep right, in violation of Vehicle and Traffic Law § 1120. As part of his pretrial omnibus motion, defendant moved to dismiss the vehicular manslaughter count of the indictment for its failure to conform to Penal Law § 125.12 in that this count stated that defendant caused the death of such person by operation of "a motor vehicle in violation of subdivision two, three *and* four of section eleven hundred ninety two of the Vehicle & Traffic Law" (emphasis supplied). Defendant contends that the use of the conjunctive *and,* rather than the use of the statutory disjunctive *or,* was a material flaw which could not be amended. The prosecution had moved to amend by substituting the word "or" for the word "and" as a technical error. County Court agreed with defendant that the count was improperly alleged under CPL 200.50 (3) and 200.30.

We disagree and believe that the first count of the indictment was properly charged. The only crime charged in the first count is vehicular manslaughter in the second degree in violation of Penal Law § 125.12. This offense requires proof that defendant (1) committed the crime of criminally negligent homicide as defined in Penal Law § 125.10, and (2) caused the death by operation of a vehicle in violation of subdivision (2), (3) *or* (4) of Vehicle and Traffic Law § 1192. Where the indictment is otherwise sufficient save that the specification of the offense is charged in the conjunctive instead of the disjunctive,

as provided in the statute, the pleading in the conjunctive is valid *(People v Bennett,* 182 App Div 871, 874, *affd* 224 NY 594). "Where an offense may be committed by doing any of several things [as distinguished from committing a crime in different ways under different statutory subdivisions], the indictment may, in a single count, group them together and charge the defendant with having committed them all, and a conviction may be had on proof of the commission of any one of the things, without proof of the commission of the others" *(People v Nicholas,* 35 AD2d 18, 20; *see, People v Dabek,* 18 AD2d 773). "Second degree vehicular manslaughter is, in essence, the crime of criminally negligent homicide * * * with driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2) or (3) [or (4)] as an aggravating factor." *(Matter of Corbin v Hillery,* 74 NY2d 279, 290, n 7, *cert granted sub nom. Grady v Corbin* 495 US —, 110 S Ct 362.)* Irrespective of whether the crime has been committed by driving in violation of one or more than one of the specified subdivisions of Vehicle and Traffic Law § 1192, only one crime has been committed. It follows that the first count of the indictment here was properly pleaded. The order of County Court dismissing the indictment should therefore be reversed.

Order reversed, on the law, motion denied, indictment reinstated and matter remitted to the County Court of Madison County for further proceedings not inconsistent with this court's decision. Kane, J. P., Casey and Levine, JJ., concur.

Mikoll and Yesawich, Jr., JJ., dissent and vote to affirm in a memorandum by Mikoll, J. Mikoll, J. (dissenting). We respectfully dissent.

The first count of the indictment was properly dismissed by County Court in that it failed to conform to the statutory requirements as to the form of the indictment spelled out in CPL 200.50 and 200.30. The latter section provides as follows:

"1. Each count of an indictment may charge one offense only.

"2. For purpose of this section, a statutory provision which defines the offense named in the title thereof by providing, in different subdivisions or paragraphs, different ways in which such named offense may be committed, defines a separate offense in each such subdivision or paragraph, and a count of an indictment charging such named offense which, without specifying or clearly indicating the particular subdivision or paragraph of the statutory provision, alleges facts which would support a conviction under more than one such subdivi-

sion or paragraph, charges more than one offense" (CPL 200.30).

The instant indictment reads as follows: "The defendant, on Route 20, in the Town of Eaton, County of Madison, on November 27, 1988, at approximately 1:50 a.m., committed the crime of criminally negligent homicide and caused the death of Douglas L. Youngs by operating a motor vehicle in violation of Subdivisions two, three *and* four of Section eleven hundred ninety-two of the Vehicle and Traffic Law, to wit, at the aforesaid time and place, the defendant, with criminal negligence, while in an intoxicated condition, having .10 of one percentum or more by weight of alcohol in his blood as shown by chemical analysis, and having impaired his ability to drive through the ingestion of marijuana, knowingly and unlawfully operated a 1983 Datsun two-door sedan, bearing New York registration JHA 507, in an easterly direction on Route 20 and caused or permitted said vehicle to cross into the westbound lanes of Route 20, and strike a guardwire and roll over, causing the death of Douglas L. Youngs, a passenger in the 1983 Datsun operated by defendant" (emphasis supplied).

In addition to the primary function of informing a defendant of the charges made against him, an indictment also serves (1) to ensure that the crime for which he is brought to trial is in fact one for which he was charged by the Grand Jury, rather than an alternative seized upon by the prosecutor because of subsequently discovered evidence, and (2) as a means of indicating the crimes for which a defendant has been tried in order to prevent a retrial on the same crime which would violate the prohibition against double jeopardy *(People v Iannone,* 45 NY2d 589, 594-595; *see, People v Branch,* 73 AD2d 230).

Count one of the indictment attempts to charge the commission of vehicular manslaughter alleged to have occurred in different ways. In enacting CPL 200.30 the Legislature sought to avoid the problem created by grouping alternative ways of committing an offense into one count *(People v Iannone, supra).*

The position of the prosecution as to the theory of the case, as voiced at oral argument, reflects the confusion generated by the wording of the indictment. The prosecutor originally urged that the People's theory was based on the combination of alcohol and drug use. The prosecution subsequently abandoned this position and moved for an amendment, which it characterized as only technical. It sought to amend the indictment by substituting the conjunctive "and" for the disjunctive

"or". Such amended indictment, however, would fall askew of CPL 200.30 and 200.50 which require that alternative violations of Penal Law § 125.12 must be set out in separate counts. The majority's reliance on *People v Bennett* (182 App Div 871, *affd* 224 NY 594) and *People v Nicholas* (35 AD2d 18) is misplaced as they preceded the effective date of the statutes, September 1, 1971 (L 1970, ch 996, § 5).

Indictments may be amended under the CPL in matters relating to form, time, place, names of persons and the like, when such amendment does not change the theory of the prosecution or otherwise prejudice the defendant on the merits (CPL 200.70 [1]; *People v Schweizer*, 160 Misc 23).

An indictment is insufficient if it does not specify the conduct underlying the charge or reveal facts in support of it. Such defect cannot be corrected by amendment or a bill of particulars but may be corrected by resubmitting it.

The first count was properly dismissed and ordered resubmitted to a new Grand Jury. In view of such resolution, it is unnecessary to address the other issues raised by defendant.