Levine, J.
(dissenting). I respectfully dissent. As I read the majority’s opinion, its rationale for reversal is as follows: (1) it holds that charging the jury on the "drug factory” presumption (Penal Law § 220.25 [2]) of knowing possession of a controlled substance constituted the submission of an "illegal” "ground” or "theory” (majority opn, at 32-34) of criminal liability; (2) relying upon three Supreme Court cases (Griffin v United States, 502 US 46, 112 S Ct 466; Yates v United States, 354 US 298; Stromberg v California, 283 US 359), the opinion then holds that submitting such an illegal theory to the jury was reversible error; (3) finally, the opinion concludes that the improper submission of such an illegal theory is not subject to harmless error analysis, because the jury returned a general verdict of guilty of drug possession and there is no way of conclusively determining whether it applied the drug factory presumption in reaching that verdict. There are fatal infirmities in each of the foregoing three propositions upon which the majority’s decision rests.
I
In my view, the drug factory presumption, like any other statutory or, for that matter, common-law presumption, is not a theory or a ground of criminal liability. With respect to all of such presumptions the court merely instructs the jury that it may (or may not) apply the presumption in order to infer the existence of one or more of the factual elements of the crime charged. The presumption involved in this case, designed to permit a jury to infer the knowing possession of a controlled substance from certain facts in evidence, is not different in kind from the presumption (designed to permit the jury to infer criminal intent) erroneously charged in People v McGee, the companion case to People v Smalls (55 NY2d 407, 417). Yet, in People v McGee, this Court held that a constitutional error in charging the presumption was subject to harmless error analysis (id.). In McGee, this Court then analyzed the evidence and whether the defendant’s intent "was made a vital issue to be resolved by the jury”, and concluded that there was "no reasonable possibility that the error might have affected the jury’s determination of [defen *39 dant’s] guilt and that the error was therefore harmless beyond a reasonable doubt” (id., at 417). I am unable to perceive any distinction between the erroneous charging of the drug factory presumption here and the erroneous charging in People v McGee that "a person is presumed to intend the natural consequences of his act” (id., at 416). In McGee, just as here, "the result reached by the jury was unknown; i.e., whether its verdict was predicated on the illegally charged presumption or on a finding of [guilt] irrespective of the presumption” (majority opn, at 35). Therefore, since we are dealing with an improper evidentiary charge rather than a theory or ground of criminal liability defining the crime itself, clearly harmless error analysis applies (People v McGee, supra).
II
Even if the drug factory presumption constituted a theory or ground of criminal liability, it would not, under Griffin v United States (supra) and other Supreme Court decisions, be considered an illegal ground or theory in this case. Uncontestably, the sole reason why the drug factory presumption should not have been charged here was that there was insufficient evidence to support it, i.e., the drugs here were not found "in open view * * * under circumstances evincing an intent to unlawfully mix, compound, package or otherwise prepare for sale such controlled substance” (Penal Law § 220.25 [2]). Instead, the drugs were concealed on the floor behind a couch. Griffin makes clear beyond peradventure that the submission of one possible basis for criminal liability in a case for which there was insufficient evidence to support a conviction is not a ground for reversal:
"Petitioner cites no case, and we are aware of none, in which we have set aside a general verdict because one of the possible bases of conviction was neither unconstitutional as in Stromberg, nor even illegal as in Yates, but merely unsupported by sufficient evidence. If such invalidation on evidentiary grounds were appropriate, it is hard to see how it could be limited to those alternative bases of conviction that constitute separate legal grounds; surely the underlying principle would apply equally, for example, to an indictment charging murder by shooting or drowning, where the evidence of drowning proves inadequate. See *40 Schad v. Arizona, 501 U.S., at---, 111 S.Ct., at 2496-2497” (Griffin v United States, 502 US, at —, 112 S Ct, at 472, supra [emphasis supplied]).
Griffin expressly limited the holdings of Yates v United States (supra) and Stromberg v California (supra) to errors in submitting alternative theories or grounds for establishing the commission of the crime charged where conviction on that theory would be prohibited as unconstitutional, or illegal as, e.g., barred by the Statute of Limitations (Griffin v United States, 502 US, at —, 112 S Ct, at 472-473, supra).
Indeed, the Court in Griffin cited with approval Turner v United States (396 US 398) as properly rejecting "a claim that the evidence was insufficient to support a general guilty verdict under a one-count indictment charging the defendant with knowingly purchasing, possessing, dispensing, and distributing heroin not in or from the original stamped package, in violation of 26 U.S.C. § 4704 (a) (1964 ed.). We held [in Turner v United States] that the conviction would have to be sustained if there was sufficient evidence of distribution alone” (Griffin v United States, 502 US, at —, 112 S Ct, at 472-473, supra [emphasis in original]). Our case law similarly upholds a general verdict under the same circumstances (see, People v Charles, 61 NY2d 321, 327; People v Clougher, 246 NY 106, 112; People v Nicholas, 35 AD2d 18, 20 [Cooke, J.]).
It is further noteworthy that the Supreme Court in Turner v United States (supra) applied harmless error analysis to the additional claim that it was error to charge the statutory presumption of criminal distribution from the defendant’s possession of the heroin:
"So, too, the instruction on the presumption is beside the point, since even if invalid, it was harmless error; the jury must have believed the possession evidence which in itself established a distribution barred by the statute” (396 US, at 421).
Ill
Even if the drug factory presumption constituted an illegal theory or ground of criminal liability here, the submission of which to the jury was error, it would nonetheless be subject to harmless error analysis. This is the explicit teaching of People v Grega (72 NY2d 489). Grega did involve the submission of an illegal theory of liability for rape in the first degree, i.e., by *41 means of forcible compulsion by threat (Penal Law § 130.00 [8] [b]). Because the indictment charged the defendant only with rape by forcible compulsion consisting of the use of physical force (see, Penal Law § 130.00 [8] [a]), the submission of the alternative theory of compulsion by threat was held to violate article I, § 6 of the State Constitution (People v Grega, 72 NY2d, at 495, supra). There having been no evidence in the case of the use of any threat, however, we held that the constitutional error in Grega was harmless and did not require reversal.
"While the trial court should not have charged both statutory definitions of forcible compulsion, but instead should have tailored its instructions to the case before it, on this record we conclude that the additional portion of the charge had no potential for prejudicing defendant, and thus was harmless error” (id., at 497).
The majority states that Grega is distinguishable, however, because the trial court erroneously deviated from the statutory language of the drug factory presumption of Penal Law § 220.25 (2), by relaxing the statutory requirements that the drugs be in "open view” and in "close proximity” to defendant, and by not making clear that the necessary elements for applying the presumption must be present at the time the drugs were found. The majority posits the possibility that this error in instruction permitted the jury to apply the presumption on the basis of the drugs found hidden behind the couch during the raid on September 29, and the drug sale preparation activities observed on previous occasions. Grega is then distinguished because here there was at least some evidence which the jury might possibly have relied upon to apply the drug factory presumption (as charged) to the case (majority opn, at 36-37). The majority concludes that, because it is "impossible” (emphasis supplied) to determine whether or not the jury applied the illegal theory of the drug factory presumption, harmless error analysis is precluded (majority opn, at 35).
There are several major flaws in the majority’s analysis. First, the error, if any, in the way the drug factory presumption was charged surely did not constitute the submission of an illegal theory of criminal liability in the Griffin v United States (supra) sense, or in the sense employed in any of the other cases relied upon by the majority, i.e., a theory of liability leading to an unconstitutional conviction (Stromberg v *42 California, supra), a conviction barred by the Statute of Limitations (Yates v United States, supra) or a conviction of a crime for which the defendant had not been indicted (People v Grega, supra). The trial court’s deviation from the statutory terms of the drug factory presumption clearly appears to be nothing more than a common variety of error in instructions, such as in defining the elements of a crime or how the jury may use inferences or presumptions from the evidence. Raising this kind of error in instructions to the status of the submission of an illegal theory of criminal liability turns the principle enunciated in Griffin v United States (supra) on its head, and is an ominous precedent.
What is even more disquieting is the majority’s circular rationale for precluding harmless error analysis in this case. Under it, a "theory” of liability, whether in the form of a statutory presumption or of one of the alternative bases for conviction of the crime charged, as alleged in the accusatory instrument, becomes an illegal theory, not subject to harmless error analysis, whenever there is legally insufficient evidence to convict on that "theory”, yet there is some lesser quantum of evidence rendering it theoretically impossible to determine whether the jury’s general verdict of guilty was based upon that theory. In essence, then, the majority’s rationale is that harmless error analysis is precluded here because it cannot be conclusively demonstrated that the error in submitting the drug factory presumption was not harmful. The majority has, thus, imposed a per se rule divorced from the actual realities of the trial or any attempt fairly to assess the impact of the error on the fact-finding process in the case. The result here is not only to overturn defendant’s conviction of drug possession arising out of the September 29, 1988 raid, but to reverse two solidly proven drug sale convictions, one occurring nine days before the raid.
Applying appropriate harmless error analysis for the non-constitutional error (see, People v Crimmins, 36 NY2d 230, 241-242) in charging the drug factory presumption, I would affirm defendant’s drug possession conviction, and with it the convictions on the drug sales. The evidence of defendant’s dominion and control over drugs in his codefendant’s apartment, thereby establishing his constructive possession without the aid of the drug factory presumption, was indeed overwhelming, as found by the Appellate Division and not disputed by the majority here. The trial court, in charging the drug factory presumption, clearly and unequivocally stated *43 that the presumption only applies when "drugs are found * * * under circumstances evincing an intent to unlawfully mix, compound, package or otherwise prepare such controlled substance for sale * * * at the time the drug was found” (emphasis supplied). Thus, there was no "significant probability” that, but for the error in charging the drug factory presumption, the jury would have acquitted defendant of criminal possession of the controlled substance found in the apartment on September 29 (People v Crimmins, 36 NY2d, at 242, supra). Accordingly, I vote to affirm the order of the Appellate Division in all respects.
Chief Judge Kaye and Judges Titone and Smith concur with Judge Hancock, Jr.; Judge Levine dissents and votes to affirm in a separate opinion in which Judges Simons and Bellacosa concur.
Order reversed, etc.