■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT W. STEVENS, SR., Appellant. [628 NYS2d 217] —Peters, J. Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered December 17, 1990, upon a verdict convicting defendant of the crimes of sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child.

Defendant was indicted on one count of sodomy in the first degree, one count of sexual abuse in the first degree and one count of endangering the welfare of a child. The victim of the offenses is the son of defendant's former live-in girlfriend.

Before trial, defendant moved to dismiss count one of the indictment charging defendant with sodomy in the first degree "in violation of [Penal Law] § 130.50, subdivision 1 and/or subdivision 3". The People thereafter moved to amend count one of the indictment pursuant to CPL 200.70 to solely allege that defendant committed sodomy in the first degree in violation of Penal Law § 130.50 (3). County Court granted the People's motion to amend count one and denied defendant's motion to dismiss that count.

At trial, the People presented the victim's testimony as well as that of his mother and brother. Testimony was also presented by the victim's neighbors, investigators and Troopers with the State Police, and an investigator with the Sheriff's Department. The victim testified that in July 1988, while defendant lived with his mother and his siblings, defendant sexually abused him and that at such time he told his mother about the act. The victim's mother, corroborated by the victim, further testified that on September 4, 1988 she was summoned home from shopping by defendant, who informed her that the victim ran away. She testified that such act prompted her to call the Sheriff's Department to report her son missing. Before they had an opportunity to respond, the victim called her from a neighbor's house and told her that defendant "tried to do it again to me".

According to the victim, his mother and brother, upon the victim's return home, defendant beat him. The victim's mother

further recounted that her daughter witnessed the beating and ran to the home of a neighbor to call the police for a second time that day. This was corroborated by the victim and his brother. The victim and his mother admitted, during their direct examinations, that when the police arrived they denied the claim of sexual abuse by defendant.

At trial, the victim's sister, who by then had married defendant, was called as a witness for the defense. On her direct testimony, she denied, *inter alia*, that she ever called the police on September 4, 1988, denied knowledge of any sexual abuse by defendant and denied, contrary to the victim's testimony, that she was ever told of the abuse by the victim. Five days after this testimony, the People first disclosed to defense counsel an investigation report from the State Police concerning the events of September 4, 1988. Noting that the report corroborated the testimony of the prosecution's witnesses, the People contended that they had not located this report sooner because it was believed that the Sheriff's Department was the sole police agency involved in this case. The People further explained that it was not until after the victim's sister testified inconsistently with the other witnesses that rebuttal evidence was sought. It was then discovered that the State Police, not the Sheriff's Department, was called by the victim's sister and that a written investigation report resulted. This report indicated that both the victim and his mother had been interviewed and that both denied that the victim had been sexually abused by defendant. At this time, defense counsel was also provided with a complaint filed by the State Police against the victim's sister charging her with falsely reporting an incident. The supporting deposition attached thereto corroborated the testimony indicating that the victim's sister had called the State Police.

Defendant made a motion to dismiss the charges due to alleged violations of the principles enunciated in *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866) and *Brady v Maryland* (373 US 83), which was denied by County Court. The People were permitted to present rebuttal evidence which included the State Police investigation report and the complaint filed against the victim's sister.

During its deliberations, the jury requested "3 statements made to investigators in May 1990". County Court sent the jury back a written note which stated: "Jurors—We cannot give you the '3 statements made to investigators in May 1990' since they were not offered and received in evidence by either party." The jury ultimately convicted defendant of sodomy in

the first degree, sexual abuse in the first degree and endangering the welfare of a child. Defendant was sentenced to concurrent terms of imprisonment of 6 to 18 years on count one, 2 to 6 years on count two and one year on count three.

Defendant contends that County Court erred in permitting the People to amend count one of the indictment. Noting that the "factual allegations of the indictment are controlling" (*People v Weeks*, 126 AD2d 857, 860; *see*, *People v Randall*, 9 NY2d 413), we find that the amendment was properly granted (*see*, CPL 200.70 [1]). County Court's review of the minutes revealed that the Grand Jury considered each charge of count one independently (*see*, *People v Weeks*, *supra*), found that the amendment was in accordance with the People's theory of the case as presented to the Grand Jury and that it did not prejudice defendant on the merits (*see*, CPL 200.70 [1]; *see generally*, *People v Hagmann*, 160 AD2d 1125, 1127-1128; *People v Weeks*, *supra*; *People v James*, 98 AD2d 863).

Addressing next defendant's contention that reversal is required pursuant to *People v Rosario* (*supra*) due to the late disclosure of material recovered from the State Police, we note that reversal is not required unless the delay substantially prejudiced defendant (*see*, *People v Banch*, 80 NY2d 610; *People v Martinez*, 71 NY2d 937). As to the victim's sister, we do not find her prior statements to be *Rosario* material since she was not a witness for the People (*see*, *People v Ranghelle*, 69 NY2d 56, 59; *People v Lent*, 204 AD2d 855, 855-856, *lvs denied* 84 NY2d 869, *sub nom. People v Wild Bill*, 84 NY2d 873). As to the prior statements of the victim and his mother, we do not find a showing of prejudice since they both testified during their direct examinations to their initial denial of sexual abuse by defendant and defense counsel had ample opportunity to cross-examine them. We further find that the People promptly turned over this material as soon as it was discovered (*cf.*, *People v Thompson*, 71 NY2d 918, 919-920).

The contentions urging a reversal due to a violation of *Brady v Maryland* (*supra*) are similarly unavailing. While the People clearly have a duty to disclose exculpatory material within their control (*see*, *People v Duffy*, 185 AD2d 528, 530, *lv denied* 80 NY2d 903), the failure to disclose specifically requested *Brady* material mandates reversal only if there is a reasonable possibility that had the evidence been disclosed, the result would have been different (*see*, *People v Vilardi*, 76 NY2d 67, 77). Here, while defense counsel may not have called the victim's sister as a witness had he known about the investigation report and complaint filed against her, that does not

equate to a finding that the result of the trial would have been different since defendant's theory was that no sexual abuse took place. Focusing on the initial denials of abuse and contending that the allegations originated as a result of the anger of the victim's mother over defendant's eventual marriage to her daughter, there is insufficient evidence that the result of the trial would have been different.

As to County Court's response to the jury's request for the "3 statements made to investigators in May 1990", the record reveals that the court received the request and promptly informed both defendant and his counsel of its intended response. At such time, defense counsel made no request for clarification of the jury's request. Moreover, defense counsel was aware that County Court's response to the jury was in writing, but he lodged no objection concerning the lack of opportunity to view the actual writing or the court's failure to verbally instruct the jury in defendant's presence. Hence, since County Court disclosed the contents of the jury's request to the parties (cf., People v O'Rama, 78 NY2d 270, 275) and defense counsel had an opportunity to be heard before the court gave its response (see, People v Lykes, 81 NY2d 767, 768-770; cf., People v Cook, 85 NY2d 928; People v O'Rama, supra; People v Hewitt, 189 AD2d 781, 781-782; People v Nichols, 163 AD2d 904, 904-905), we cannot equate this instance with those where neither the defendant nor defense counsel was present when a jury's request was received and County Court's response was formulated (cf., People v Mehmedi, 69 NY2d 759; People v Nichols, supra). "Accordingly, counsel's silence at a time when any error by the court could have been obviated by timely objection renders the claim unpreserved and unreviewable here" (People v Starling, 85 NY2d 509, 516; see, People v DeRosario, 81 NY2d 801, 802).

Accordingly, the judgment is affirmed.

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.