■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES CRAFT, Appellant. — Appeal from a judgment of the County Court of Ulster County (Clyne, J.), rendered January 16, 1981, convicting defendant upon his plea of guilty of the crime of official misconduct. During the spring and summer of 1980, defendant served as a Deputy Sheriff in the Ulster County Sheriff's department. Taped telephone conversations in which defendant was a participant brought accusations that he was unlawfully releasing highly confidential information to unauthorized persons whose activities made them suspect. As a result, the Grand Jury of Ulster County returned an indictment charging defendant with official misconduct. In sum, the first count of the indictment charged that defendant knowingly and unlawfully notified an unauthorized person that a drug raid was in progress. The second count charged him with unlawfully revealing to unauthorized persons the identity of an undercover agent, and the third count charged him with unlawfully disseminating confidential information obtained by defendant as a Deputy Sheriff from the New York State-wide police information network computer to an individual not entitled to that information. Significantly, each count of the indictment alleged violation of a specific statute designated by name and section, i.e., "Official Misconduct PL 195.00". On December 10, 1980, defendant moved to dismiss the indictment and each count thereof upon the ground that the evidence presented before the Grand Jury was insufficient and that it failed to state a crime. The County Court dismissed the second count but denied the relief sought as to the remaining counts. Two days later defendant pleaded guilty to the third count in full satisfaction of the indictment and was sentenced to three years' probation. On appeal, in urging reversal of his conviction, defendant repeats his assertion as to the insufficiency of the evidence presented to the Grand Jury and contends that the third count of the indictment was defective, as a matter of law, in that the essential elements of the crime charged were not alleged. We disagree and find no substance or merit to the assertion as to the insufficiency of the Grand Jury minutes. Defendant, by his negotiated plea of guilty, effectively waived and surrendered both the constitutional and nonconstitutional protection of his right to challenge the sufficiency of the Grand Jury minutes (*People v Thomas*, 74 AD2d 317, 321, affd 53 NY2d 338; see, also, *People v Iannone*, 45 NY2d 589; *People v O'Neal*, 44 AD2d 830). We likewise reject defendant's contention that the third count was defective as a matter of law by reason of its failure to allege all the essential elements of the crime charged. The historical development of the change in the form of and the necessary content of an indictment has been commented upon and the present requirements established in the recent past (*People v Thomas, supra; People v Iannone, supra*). The primary and essential purpose of an indictment is to fairly and adequately reveal to the defendant the crime for which he has been indicted. Any indictment which fails to sufficiently inform a defendant of the charge or charges against him so as to provide him with the opportunity to prepare his defense does not fulfill the statutory and constitutional mandates for a valid indictment. Here, no such claimed deficiency is made for defendant does not assert that he was unaware of or less than fully cognizant of the charges against him as evidenced by defendant's brief and his colloquy with the court upon entering his plea. He complains only that the third count did not allege all or every material element of the crime. However, as we previously noted, each one of the challenged counts contained, *inter alia*, a specific reference to the statute claimed to have been violated by name and section. "The incorporation by

specific reference to the statute operates without more to constitute allegations of all the elements of the crime required by explicit provision of the statute itself or by judicial gloss overlaid thereon, if any, for conviction under that statute" (*People v Cohen,* 52 NY2d 584, 586; see, also, *People v Iannone, supra*). Accordingly, the judgment should be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Main, Casey and Mikoll, JJ., concur.