■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRUDY MIRELLA, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered October 19, 1983, upon a verdict convicting defendant of the crime of leaving the scene of an incident without reporting, as a felony.

In the early morning of February 10, 1983, 14-year-old Franca Ricuperio was struck by a car while she was delivering papers in the City of Albany. While the girl's 11-year-old brother, who was delivering papers on the opposite side of the street, did not witness the moment of impact, he saw his sister roll off the hood of the car and was able to describe the vehicle which left the scene without stopping. Shortly thereafter, defendant was charged by police with leaving the scene of a personal injury accident and was indicted for a violation of section 600 (subd 2, par a) of the Vehicle and Traffic Law, as a felony.

In late August, 1983, the People responded to a defense omnibus motion by providing a copy of Ricuperio's medical records, which revealed that the child had suffered a fractured vertebra requiring a spinal fusion surgical procedure.

The sole issue raised on this appeal is whether County Court erred in denying defendant's motion made pursuant to CPL 200.50 (subd 7, par [a]) which sought dismissal of the indictment

as deficient on the basis that it failed to clearly apprise defendant of every element of the offense charged. Section 600 (subd 2, par b) of the Vehicle and Traffic Law makes it a class E felony to leave the scene of the accident "where the personal injury involved results in death or *serious physical injury,* as defined in section 10.00 of the penal law" (emphasis added). Defendant's argument that the indictment was insufficient is predicated solely on the fact that the word "serious" was omitted from the indictment portion referring to the fact of personal injury. While it is true that the indictment did not use the word "serious" in referring to the physical injury it alleged was caused when defendant's vehicle struck the child, the indictment did recite the applicable section of the Vehicle and Traffic Law and set forth in detail the date, time, location and other facts surrounding the crime with which defendant was charged. The trial commenced on October 3, 1983, and the record is devoid of any indication that defendant suffered prejudice in presenting a defense by virtue of the technicality of the omission of the word "serious" from the indictment.

Since the indictment made a "specific reference to the statute claimed to have been violated by name and section" (*People v Craft,* 87 AD2d 662), it was thus, without more, sufficient to constitute an allegation " 'of all the elements of the crime required by explicit provision of the statute' " (*supra,* at p 663). The indictment served its primary purpose of apprising defendant with reasonable certainty of a description of the offense charged and "[d]efendant has been provided with reasonable and adequate notice under the Federal and State Constitutions and is not prevented from preparing a defense" (*People v Morris,* 61 NY2d 290, 297). Defendant's motion to dismiss the indictment was therefore properly denied.

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.