■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVANS AVILES, Also Known as EVANS AVILEZ, Appellant.— Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Goldman, J.), rendered June 6, 1983, convicting him of attempted robbery in the second degree, under indictment No. 709/83, upon his plea of guilty, and imposing sentence, (2) a judgment of the same court (Moskowitz, J.), rendered January 31, 1985, convicting him of attempted robbery in the second degree, under indictment No. 946/84, upon his plea of guilty, and imposing sentence, and (3) an amended judgment of the same court (Goldman, J.), rendered February 7, 1985, revoking the sentence of probation previously imposed under indictment No. 709/83, upon a finding that he violated a condition thereof, and imposing a sentence of imprisonment.

Ordered that the judgments and amended judgment are affirmed.

On June 6, 1983, after having pleaded guilty to attempted robbery in the second degree in full satisfaction of indictment No. 709/83, the defendant was sentenced to 30 days' imprisonment and five years' probation. On January 31, 1985, the defendant was convicted of attempted robbery in the second degree under indictment No. 946/84. On February 7, 1985, the defendant was found to be in violation of the conditions of his probation under indictment No. 709/83, and was sentenced to a term of imprisonment.

The defendant now contends that his plea allocutions under both indictments were insufficient as a matter of law, requiring the vacatur of both pleas. However, having failed to move to withdraw his pleas prior to the imposition of the sentences or to vacate the judgments pursuant to CPL 440.10, the defendant has not preserved the issues of the sufficiency of his plea allocutions for appellate review (see, CPL 470.05 [2];

*People v Pellegrino,* 60 NY2d 636). In any event, the defendant's claims with respect thereto are without merit *(see, People v Harris,* 61 NY2d 9).

We find that the sentence imposed upon the defendant's violation of probation under indictment No. 709/83 was neither harsh nor excessive and was a proper exercise of the court's discretion *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Kunzeman, Eiber, Spatt and Balletta, JJ., concur.