■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY IRELAND, Appellant.—Appeal by the defendant from a judgment of the County Court, Putnam County (Braatz, J.), rendered December 6, 1939, as amended December 7, 1989, convicting him of driving while under the influence of alcohol

(Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c]) and failure to keep to the right (Vehicle and Traffic Law § 1120 [a]), upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed, and the matter is remitted to the County Court, Putnam County, for further proceedings pursuant to CPL 460.50 (5).

The trial court properly permitted the People to call as a rebuttal witness the Town Justice who arraigned the defendant one hour after his arrest. The witness's testimony served to contradict the defendant's claim that, while he had refused the request of the arresting officers to submit to sobriety tests, he had offered to do so in the presence of the Judge. Moreover, the Justice's opinion as to the defendant's sobriety was properly received to rebut the defendant's testimony that he had not consumed alcoholic beverages on the date in question. The defense advanced a theory that the arrest was the result of a personal vendetta by the local police department, and thereby attempted to undermine the veracity of the arresting officers' opinions as to the defendant's intoxication elicited on the People's case-in-chief. Accordingly, the rebuttal testimony of the Town Justice was highly relevant to this issue and was properly admitted. Even if this testimony were not technically of a rebuttal nature, the court properly exercised the discretion afforded it by CPL 260.30 (7) to allow the presentation of evidence which is more properly a part of the direct case in the interest of justice (see, People v Harris, 57 NY2d 335, 345-346, cert denied 460 US 1047).

We find no merit to the defendant's claim that he was deprived of the effective assistance of counsel.

Finally, the sentencing court appropriately exercised its discretion in imposing a sentence of probation and a four-month period of incarceration. The sentencing record reveals that the court thoughtfully considered the principal objectives of punishment and the relevant sentencing guidelines in imposing sentence. The court also endeavored to achieve a sensitive balance between the defendant's circumstances, which included a background of three convictions for alcohol-related driving offenses within two years, with society's interests, in imposing the custodial portion of the sentence and in otherwise tailoring the conditions of probation to enable the defendant to overcome his alcohol abuse (see, People v Suitte, 90 AD2d 80). Moreover, the record does not support the defendant's claim that his sentence was enhanced because of his status as a lawyer and public official. Thompson, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.