◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS DEL PILAR, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Braatz, J.), rendered July 11, 1990, convicting him of hindering prosecution in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Rockland County, for further proceedings pursuant to CPL 460.50 (5).

The defendant, who was Rockland County's Affirmative Action Coordinator, was indicted, inter alia, for hindering prosecution. The indictment read in pertinent part:

"THE GRAND JURY OF THE COUNTY OF ROCKLAND, by this indictment, accuse said defendant of the crime of HINDERING

PROSECUTION IN THE SECOND DEGREE (Sec. 205.60 Penal Law) committed as follows:

"Said defendant, * * * on or about and between the 11th day of August, 1988, and the 11th day of November, 1988, with knowledge that Luis Jerez was committing the Class "B" felonies of Criminal Sale of a Controlled Substance in the Third Degree and Criminal Possession of a Controlled Substance in the Third Degree, and with the intent to prevent, hinder, or delay the discovery, apprehension, or lodging of criminal charges against Luis Jerez, rendered criminal assistance to Luis Jerez by providing him with information improperly obtained from Rockland County Personnel Department records, concerning individuals believed or suspected by Luis Jerez to be police officers involved in surveillance of his residence at 23A Mt. Ivy Trailer Park, Pomona, New York".

A bill of particulars added further detail regarding the time, place, and nature of the alleged criminal act. It also specified the statutory provisions under which the acts were defined and designated as offenses. The bill of particulars alleged that, in order to relay the information to Jerez, who was a longtime friend and known drug dealer, the defendant, in his capacity as a public servant, gained access to public records and checked them to determine whether specific individuals were employed by the Rockland County Narcotics Task Force.

During trial the indictment was amended to read "concerning *an individual* believed or suspected by Luis Jerez to be *a police officer*" (emphasis added). Additionally, the court, defense counsel, and the Assistant District Attorney stipulated that the one name which the defendant looked up in the county personnel records was a false name supplied by the Rockland County Narcotics Task Force.

Since the indictment originally charged the defendant, under one count, with looking up multiple names, instead of charging separate counts for the act of looking up each name, it could be characterized as duplicitous *(see, People v Keindl,* 68 NY2d 410; *People v Corrado,* 161 AD2d 658). However, amendment of the indictment remedied this error without changing the theory of the prosecution *(see, People v Johnson,* 163 AD2d 613; *People v Casdia,* 163 AD2d 604, *affd* 78 NY2d 1024; *People v Goodman,* 156 AD2d 713).

Moreover, the importance of specificity in the indictment as to " 'the time and place and nature and circumstances of the offense' " is to provide the defendant " 'with all reasonable knowledge and ability' and to have 'full notice of the

charge' " so that the defendant is able to formulate his defense *(People v Morris,* 61 NY2d 290, 295, quoting from *United States v Cruikshank,* 92 US 542, 566). However, if the precise date of the charged crime is not a substantive element of that crime, then its absence from the indictment is not a fatal defect and it is often permissibly stated in approximate terms *(People v Morris, supra).* "The determination of whether sufficient specificity to adequately prepare a defense has been provided to a defendant by the indictment and the bill of particulars must be made on an *ad hoc* basis by considering all relevant circumstances" *(People v Morris, supra,* at 295, *see, People v Corrado,* 161 AD2d, *supra,* at 659).

In the instant case, in both the original and the amended indictments the defendant was clearly informed of the nature of the charges against him, the conduct underlying these charges, the place of the crime, and the time of the offense within a reasonably designated time period *(see, People v Morris, supra,* at 297). Clearly, the indictment as originally worded or as amended is sufficiently specific to provide the defendant with reasonable and adequate notice to enable him to prepare his defense. Moreover, a crime of this nature involves multiple acts which are enumerated in the bill of particulars and are likely to occur over a somewhat extended period of time.

Additionally, it is well settled that "[w]hen indicting for statutory crimes, it is usually sufficient to charge the language of the statute unless that language is too broad" *(People v Iannone,* 45 NY2d 589, 599). However, when specific reference to the statute under which the defendant is being charged is incorporated into the indictment, it "constitute[s] allegations of all the elements of the crime required by explicit provision of the statute itself * * * for conviction under that statute" *(People v Cohen,* 52 NY2d 584, 586; *see, People v Ray,* 71 NY2d 849, 850). Therefore, since the indictment clearly sets forth the section of the Penal Law under which the defendant was charged, he cannot claim that the indictment failed to allege all the necessary elements of the crime. Furthermore, the indictment does sufficiently. describe conduct which is couched in the statutory language.

The defendant claims that the crime of hindering prosecution in the second degree was factually impossible since the name he looked up was fictitious and his actions provided no criminal assistance to Jerez. While it is true that the ultimate result of his actions did not provide information that actually warned Jerez of impending discovery or apprehension (Penal

Law § 205.50 [2]), or allow Jerez to avoid discovery or apprehension (Penal Law § 205.50 [3]), the defendant still provided Jerez with the "means" of avoiding discovery or apprehension (Penal Law § 205.50 [3]). The "means" here were his gaining access to the records in search of a name and communicating the information acquired to Jerez. The defendant clearly had the "intent to prevent, hinder or delay the discovery or apprehension of, or the lodging of a criminal charge against" Jerez (Penal Law § 205.50), and acted on his intent. The defendant communicated the information sought to the "person who has committed a class B or class C felony" (Penal Law § 205.60), and thus carried the offense through to its completion.

Finally, the sentencing court appropriately exercised its discretion in imposing sentence, and, under the circumstances, the sentence imposed was neither harsh nor excessive *(see, People v Ireland,* 175 AD2d 139; *People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.