■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR NIEVES, Appellant. [602 NYS2d 216] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered January 23, 1990, convicting him of hindering prosecution in the second degree (four counts), criminal facilitation in the fourth degree (three counts), and official misconduct, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the trial court properly denied the defendant's motion to dismiss three of the counts of hindering prosecution

in the second degree *(see,* Penal Law § 205.60). The evidence adduced at trial by wiretap and visual surveillance revealed that on three specified dates, the defendant, a police officer, contacted the Rockland County Sheriff's Department's Communications Section and requested certain information regarding the registered owners of specified license plate numbers. The plate numbers were given to the defendant by Louis Jerez, who suspected they belonged to police officers who were engaged in surveillance of his home from which he sold marihuana and cocaine. After the defendant received the information, which was fictitious, he relayed it to Jerez. Contrary to the contention of the defendant, the fact that the information provided by him to Jerez was fictitious was not controlling since the defendant still provided Jerez with the means of avoiding discovery or apprehension. "The 'means' here were his gaining access to the records in search of a name and communicating the information acquired to Jerez" *(People v Del Pilar,* 177 AD2d 642, 645). Further, the defendant clearly had the " 'intent to prevent, hinder or delay the discovery or apprehension of, or the lodging of a criminal charge against' " Jerez *(People v Del Pilar, supra,* at 645). For similar reasons, we find that the trial court properly denied the defendant's motion to dismiss the three counts of criminal facilitation in the fourth degree based upon the same incidents *(see,* Penal Law § 115.00; *People v Gordon,* 32 NY2d 62). Lastly, the trial court properly denied the defendant's motion to dismiss the count of official misconduct. The evidence adduced at trial established that the defendant permitted Jerez to possess and sell drugs, by failing to arrest him. The benefit of his deliberate omission provided Jerez with the security of an unimpeded criminal enterprise and the defendant with a steady, local, and reliable source of drugs *(see,* Penal Law § 195.00).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Miller, Santucci and Joy, JJ., concur.