■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN HARRIS, Appellant. [648 NYS2d 620] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mastro, J.), rendered February 18, 1993, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the trial court did not err in permitting the People to introduce rebuttal evidence concerning the defendant's changed appearance at the trial. Rebuttal evidence is "not merely evidence which contradicts the witnesses on the opposite side and corroborates those of the party who began, but evidence in denial of some affirmative fact which the answering party had endeavored to prove" *(People v Harris,* 57 NY2d 335, 345, *cert denied* 460 US 1047; quoting *Marshall v Davies,* 78 NY 414, 420).

CPL 260.30 (7) provides, in pertinent part, that "[i]n the interest of justice, the court may permit either party to offer evidence upon rebuttal which is not technically of a rebuttal nature but more properly a part of the offering party's original case". Here, the matter of identification was the crucial issue and the rebuttal evidence did not cause any undue prejudice to the defendant *(see, People v Miranda,* 192 AD2d 725; *People v Ireland,* 175 AD2d 139, 140; *People v Ortiz,* 133 AD2d 853).

The defendant's remaining contention is not preserved for appellate review. Thompson, J. P., Sullivan, Santucci and McGinity, JJ., concur.