■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE JAMES, JR., Appellant. [727 NYS2d 900] —Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered April 5, 1999, convicting him of rape in the second degree, incest in the second degree (two counts), rape in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant contends that the trial court erred in permitting the introduction of certain evidence on the People's rebuttal case. In the exercise of its sound discretion, the trial court may permit either party to offer evidence upon rebuttal which is not technically of a rebuttal nature but more properly a part of the offering party's original case (*see, People v Alvino,* 71 NY2d 233; *People v Harris,* 232 AD2d 426). Here, the trial court properly admitted the People's rebuttal evidence.

Furthermore, the defendant's claim that he was improperly curtailed in conducting cross-examination is without merit. A witness may be cross-examined concerning "immoral, vicious or criminal acts" which may demonstrate that he or she is "unworthy of belief" (*People v Jones,* 193 AD2d 696, 697). However, the defendant's proposed cross-examination of the complainant's mother concerned matters which had nothing to do with whether or not she was worthy of belief. Accordingly, that proposed line of questioning was properly precluded as it could only serve to mislead and prejudice the jury (*see, People v Sul,* 234 AD2d 563).

Additionally, the trial court properly advised the jury that it could deliberate as long as it desired. The mere fact that the trial court mentioned the possibility of overnight sequestration was not coercive and did not constitute error (*see, People v Pagan,* 45 NY2d 725; *People v Sharff,* 38 NY2d 751). Moreover, the comments of the prosecutor during summation did not exceed the bounds of rhetorical comment permissible in closing argument (*see, People v Galloway,* 54 NY2d 396).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Altman, J. P., Krausman, McGinity and Cozier, JJ., concur.