■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW MARSHALL, Appellant. [750 NYS2d 378] —Appeal from a judgment of Monroe County Court (Bellini, J.), entered April 6, 2001, convicting defendant after a jury trial of, inter alia, rape in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of rape in the third degree (Penal Law § 130.25 [former (2)]) and endangering the welfare of a child (§ 260.10 [1]), and sentencing him respectively to an indeterminate term of incarceration of 1¹/₃ to 4 years and a

determinate term of one year, to run concurrently. We reject the contention of defendant that County Court erred in denying his motion to dismiss the indictment on the ground that it was jurisdictionally defective with respect to the rape count because that count did not recite that the victim and defendant were not married, an element of Penal Law § 130.25 (former [2]). "[A]n indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime" (*People v Iannone*, 45 NY2d 589, 600). The indictment must afford a defendant "fair notice of the charges made against him, so that he can prepare a defense and in order to avoid subsequent attempts to retry him for the same crime or crimes" (*People v Wright*, 112 AD2d 38, 39 [Callahan, J., dissenting], *revd on dissenting mem* 67 NY2d 749). Here, the indictment specifically refers to Penal Law § 130.25, which "operates without more to constitute allegations of all the elements of the crime" (*People v D'Angelo,* 98 NY2d 733, 735; *see also People v Ray,* 71 NY2d 849, 850). In the absence of a jurisdictional defect, we further conclude that the court properly denied defendant's motion on the alternate ground that it was untimely, having been made more than 45 days after defendant's arraignment (*see* CPL 255.20 [1]). Finally, the sentence is not unduly harsh or severe. Present—Pine, J.P., Hayes, Kehoe, Gorski and Lawton, JJ.