OPINION OF THE COURT
William C. Donnino, J.
The issue presented here is whether a count of an indictment that omits an element of the offense from its factual allegations, but refers to the name and statutory citation of the offense in its accusatory portion, is facially sufficient under the pleading requirements of the Criminal Procedure Law.
The Court of Appeals has held that such a count is not defective for jurisdictional purposes because it satisfies minimum notice requirements under the state and federal constitutions. But the Court of Appeals has noted that whether such a count is defective under the pleading requirements of the Criminal Procedure Law is a different question, and it has not as yet had occasion to address it.
It appears to this court that a count of an indictment that omits an element of an offense from its factual allegations is deficient under the Criminal Procedure Law, notwithstanding its reference to the title and statutory citation of the offense. However, Appellate Division decisions have, without any extended discussion of the difference between constitutional and statutory pleading requirements, held to the contrary. This court is, of course, bound by those decisions, and accordingly denies the motion to dismiss the counts that fail to recite one or more elements of the crime charged, and grants the motion to amend those counts as specified in this opinion.
Factual Background
The defendant is alleged to have caused a fatal accident by driving while intoxicated. She allegedly drove through a red light at an intersection, collided with a car that was moving across the intersection in front of her, and as a result killed one of the passengers in that car and seriously injured another. The *362 defendant allegedly was not licensed and was driving with a learner’s permit, but without a licensed driver in her car. Also, her blood alcohol concentration an hour after the accident was allegedly .24%.
The grand jury charged the defendant with, among other related offenses, two counts of aggravated vehicular homicide, one count of first-degree vehicular manslaughter,[1] and one count each of first- and second-degree vehicular assault. While the grand jury was instructed correctly on each of these offenses, the offenses are not pleaded correctly in the indictment.
As defined by the Penal Law, each of these offenses contains the element that the defendant, as a result of intoxication, operated a vehicle in such a manner as to cause the serious physical injury or death.[2] (See Penal Law § 120.03 [1]; § 120.04 [1]; § 125.14 [1], [5]; § 125.13 [1].) The counts charging these offenses fail to allege that causal relationship between the defendant’s alleged drunk driving and the death of or injury to the complainant.[3] But each of the counts do, in their accusatory portion, refer to the name and statutory citation of the offense charged.
In addition, the counts charging that the defendant drove while intoxicated allege that she had a specified percentage by weight of alcohol in her blood, but omit the statutory language “as shown by chemical analysis of [her] blood.” (Vehicle and Traffic Law § 1192 [2].)
Discussion
Because this court respectfully disagrees with the Appellate Division decisions which it is required to apply here, the court *363 will set forth its reasons. Those reasons are based on analysis of the text of the applicable statutes, their legislative history, particularly as derived from the former Code of Criminal Procedure, and the case law which addresses inconsistencies in a count’s factual allegations.
Text of CPL 200.50 (4), (7) and CPL 200,70
The language of the relevant statutes indicates that a count that omits an element of the offense in its factual allegations, but refers to the name and statutory citation of the offense in its accusatory portion, is defective under the pleading requirements of the Criminal Procedure Law. The statute setting out the form and content requirements of indictments requires that every count contain an accusatory portion — that is, “[a] statement in each count that the grand jury . . . accuses the defendant ... of a designated offense.” (CPL 200.50 [4].) The statute also requires that each count contain a factual portion— that is, “[a] plain and concise factual statement in each count.” (CPL 200.50 [7].) Further, the statute requires that this factual portion set out factual allegations making out the offense charged in its accusatory portion — that is, that it “assert[ ] facts supporting every element of the offense charged . . . with sufficient precision to clearly apprise the defendant ... of the conduct which is the subject of the accusation.” (CPL 200.50 [7] [a].)
The counts at issue here do not comply with the language of these statutory pleading requirements. A count that omits an element of the offense from its factual allegations plainly fails to “assert[ ] facts supporting every element of the offense charged.” (CPL 200.50 [7] [a].) Nor does the mere naming of an offense and its statutory citation in the count’s accusatory portion serve to “assert [ ] facts supporting every element of the offense” in its factual portion. (CPL 200.50 [7] [a].) This is especially so since this reference to the offense in the accusatory portion is mandated by a separate provision of the statute— the requirement of “[a] statement in each count that the grand jury . . . accuses the defendant . . . of a designated offense.” (CPL 200.50 [4].)
In addition, the language of the CPL provision governing amendments to indictments also indicates that the omission of an element of the offense from a count’s factual allegations constitutes a defect, and that the count cannot be saved by a mere reference to the offense in its accusatory portion. The amendment statute provides that a count may be amended “with re *364 spect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like.” (CPL 200.70 [1].) But the statute expressly and specifically prohibits any amendment made “for the purpose of curing . . . [Ilegal insufficiency of the factual allegations.” (CPL 200.70 [2] [b] [emphasis added].)
This prohibition, again, indicates that the requirement that a count contain a factual portion that “asserts facts supporting every element of the offense charged” (CPL 200.50 [7] [a]), is independent from the requirement that the count contain an accusatory portion that states “that the grand jury . . . accuses the defendant ... of a designated offense” (CPL 200.50 [4]), and consequently that a mere reference to the offense in the accusatory portion cannot remedy the insufficiency of the allegations in the factual portion.
Legislative History of CPL 200.50
Further, the legislative history of the CPL pleading statute leaves no doubt that this is the case. The Staff Comment of the Commission on Revision of the Criminal Code explained that the pleading requirements of CPL 200.50 (7) are intended to ensure that the defendant is informed of the offense with which he is charged with sufficient detail both to permit him to prepare for trial and to bar reprosecution for the same conduct — that is, to fulfill the constitutional notice and double jeopardy functions of an indictment. (Staff Comment of Temp St Commn on Rev of Penal Law and Crim Code, 1967 Proposed NY CPL 100.10, at 172 [Edward Thompson Co.]; see also People v Iannone, 45 NY2d 589, 594-595 [1978].)
But the Staff Comment (at 172) goes on to explain that
“[t]he indictment should serve the further purpose of permitting the trial court to determine whether the facts alleged are legally sufficient to support a conviction. Proposed § 100.10 [now CPL 200.50], prescribing the form and content of an indictment, seeks to achieve this purpose. It furnishes objective criteria by which the sufficiency of an indictment is to be determined.”
Thus, the drafters of the CPL intended that the factual portion of the count would be tested against the accusatory portion.
Of course, that testing could not occur if the accusatory portion were permitted to supply allegations omitted from the factual portion. Indeed, under the CPL pleading statute as designed by its drafters, any count that omitted an element in *365 its factual portion would not be saved by a reference to the offense charged in its accusatory portion, but would instead be defective on its face. The reference to the offense charged in the accusatory portion was not intended to remedy deficiencies in the factual allegations, but to expose them.
Further still, the background of the current CPL pleading provisions in the former Code of Criminal Procedure also indicates that a citation to an offense in a count’s accusatory portion cannot satisfy the requirement that the count’s factual portion contain “facts supporting every element of the offense.” (CPL 200.50 [7] [a].) The Code provided for both a “long-form” and a “short-form” indictment. Under the Code, the long-form indictment required a “plain and concise statement of the act constituting the crime.” (Code Crim Pro § 275 [2].) The short form, however, required only a “statement of the specific crime with which the defendant is charged.” (Code Crim Pro § 295-b [2].) Under the short form authorized by the Code “an indictment which essentially merely cited the section of the law which a defendant was accused of violating would ordinarily be sufficient.” (People v lannone, 45 NY2d 589, 596 [1978].)
But the CPL abolished short-form indictments and mandated the use of the long form. (People v lannone, 45 NY2d at 596.) Further, the CPL replaced the Code’s requirement that a long-form indictment provide a “plain and concise statement of the act constituting the crime” (Code Crim Pro § 275), with the requirement of a “plain and concise factual statement in each count which . . . asserts facts supporting every element of the offense charged(CPL 200.50 [7] [a] [emphasis added]) — that is, with the requirement of more detailed and specific factual allegations. Consequently, the proposition that a count that “essentially merely cited the section of the law which a defendant was accused of violating” (People v lannone, 45 NY2d at 596)— that is, a count in the now-defunct short form — could satisfy the requirements of the long form would be contrary to the history of the long-form pleading provisions of the CPL.
Case Law on Inconsistencies within Counts
Finally, such a rule would also be contrary to case law addressing inconsistencies between the accusatory and the factual portions of counts. If a reference to the offense in the accusatory portion of a count could effectively allege all the elements of the offense, regardless of any omissions in the factual portion, then the accusatory portion would control over the factual portion. But under the Code of Criminal Procedure, the factual *366 allegations in an indictment were controlling over the offense designated in the accusatory portion. (See e.g. People v Randall, 9 NY2d 413, 422-423 [1961]; People v Lawrence, 20 AD2d 589 [3d Dept 1963].) This rule was carried over into indictments under the CPL. (See e.g. People v Duran, 238 AD2d 351 [2d Dept 1997]; People v Stevens, 216 AD2d 676, 678 [3d Dept 1995]; People v Hutchins, 43 AD2d 412, 414 [3d Dept 1974].)
Indeed, appellate courts — reasoning that the amendment merely conformed a count’s accusatory portion to its controlling factual portion — have permitted amendments of the accusatory portion that changed the identity of the offense charged, and have permitted such amendments even when they charged the defendant with a more serious offense than did the original count. (See e.g. People v Shannon, 127 AD2d 863 [2d Dept 1987]; People v Weeks, 126 AD2d 857, 859 [3d Dept 1987].) Therefore, the proposition that a reference to the offense in a count’s accusatory portion could satisfy the factual pleading requirements of the CPL is the exact opposite of the well-settled rule that it is the factual allegations that control.
Thus, based on the text of the CPL’s pleading statute, its legislative history, its background in the former Code of Criminal Procedure, and the case law addressing inconsistencies between a count’s factual allegations and statutory references, it would appear that any count that omits an element of an offense from its factual allegations is deficient under the CPL, notwithstanding its reference to the title and statutory citation of the offense.
Court of Appeals Decisions
The decisions of the Court of Appeals are not to the contrary. In People v Cohen (52 NY2d 584 [1981]), the Court of Appeals held that a count that omitted an element from its factual allegations, but referred to the offense charged in its accusatory portion, was not jurisdictionally defective. (52 NY2d at 586-587.) The Court reasoned that “[t]he incorporation by specific reference to the statute operates without more to constitute allegations of all the elements of the crime required by explicit provision of the statute itself or by judicial gloss overlaid thereon.” (Id. at 586.)
Significantly, in Cohen, the Court concluded that the count was not jurisdictionally defective because it satisfied the notice requirements of the Constitution. (Id. at 586-587.) But the Court emphasized that it did not reach the question of whether such a count satisfied the pleading requirements of the statute. *367 (Id. at 587 [“Any argument, however, that the indictment in this case was deficient as failing to meet the requirements of CPL 200.50 or as failing to give more detailed notice of the offense charged than that furnished by the jurisdictionally sufficient indictment was waived by defendant’s plea of guilty”].) In all of its cases on this subject since Cohen, the Court of Appeals has reiterated this distinction between constitutional and statutory pleading requirements, and has not decided whether a count that merely refers to the offense charged in its accusatory portion satisfies the latter.[4]
Indeed, that the language of a count satisfies constitutional requirements does not at all suggest that it also satisfies statutory requirements. As the Court of Appeals has explained, the now-defunct short-form indictment satisfied constitutional requirements as well, and the CPL abolished that form and restored the more demanding long-form indictment. (People v Iannone, 45 NY2d at 596-597.)
And, as discussed above, the drafters of the CPL long-form indictment statute intended that a count’s factual allegations would be specific enough that — in addition to satisfying the minimum constitutional requirements — their legal sufficiency could be tested by the court. (Staff Comment of Temp St Commn on Rev of Penal Law and Crim Code, 1967 Proposed NY CPL 100.10, at 172 [Edward Thompson Co.] [“The indictment should serve the further purpose (beyond notice and double-jeopardy) of permitting the trial court to determine whether the facts alleged are legally sufficient to support a conviction” (emphasis added)].) Thus, the Cohen line of cases in no way suggests that a count that merely refers to the offense charged in its accusatoiy *368 portion, but omits an element of that offense from its factual allegations, satisfies the CPU’s pleading requirements.
Controlling Appellate Division Cases
Nonetheless, Appellate Division decisions have affirmed the denial of motions to dismiss counts that did not allege an element of the offense charged, but did set forth the name and statutory citation of the offense. The Second, Third, and Fourth Departments, without detailed explanation, appear to have adopted the incorporation-by-reference rule that Cohen endorsed in the context of constitutional notice requirements, and applied it in the context of statutory pleading requirements. Under that reasoning, the name of the offense and its statutory reference incorporate all the elements of the offense into the count and, thus, if the words of the count fail to recite one of those elements, there is still no jurisdictional or statutory failure to state an offense or to state it sufficiently. Consequently, an amendment is permitted to conform the text of the factual allegations of the count to that of the statute that is incorporated by reference.
For example, in People v Mirella (105 AD2d 1012, 1013 [3d Dept 1984]), the Third Department held that a count that omitted an element, but recited the section of the statute defining the offense charged, was sufficient under CPU 200.50 (7) (a)— the subdivision of the pleading statute that requires factual allegations supporting every element of the offense. Notably, the Court reasoned that the count satisfied the notice requirements of the state and federal constitutions; it therefore applied the criteria for jurisdictional defects under the Constitution, rather than for ordinary defects under the CPU’s pleading statute. (Id. at 1013.) Thus, the Appellate Division’s decision in Mirella, although it did not explicitly acknowledge the distinction the Court of Appeals has drawn between jurisdictional defects under the Constitution and ordinary defects under the pleading statute, directly controls on this issue.
The Second Department reached the same conclusion, also without any discussion of the distinction between constitutional and statutory standards. In People v Del Pilar (177 AD2d 642, 644 [2d Dept 1991]), relying on People v Cohen (supra), the Second Department held that a count of an indictment sufficiently alleged all elements of the offense charged because it cited the section of the Penal Uaw defining the offense. The appellate briefs indicate that the issue of the count’s sufficiency under the pleading statute, and not merely under the Constitution, was squarely presented.
*369 Similarly, the Fourth Department held that the trial court properly denied the defendant’s motion to dismiss a count, and granted the prosecution’s motion to amend, on the ground that “[t]he failure of the second count of the indictment to include an element of the crime did not constitute a jurisdictional defect because that count specifically referred to the applicable section of the Penal Law.” (People v Shanley, 15 AD3d 921, 922 [4th Dept 2005] [citations omitted].) While the decision referred to a “jurisdictional defect,” the appellate briefs indicate that the Appellate Division was directly reviewing the trial court’s decision that “dismissal was not required under CPL 200.50 (7).” While the defendant, in his appellate brief, discussed Cohen and the difference between jurisdictional defects under the Constitution and ordinary defects under the statute, the Appellate Division made no reference to this distinction.[5] (See also People v Craft, 87 AD2d 662, 662-663 [3d Dept 1982] [upholding count under Cohen’s constitutional standards, and in procedural context where only jurisdictional defects would ordinarily be raised, but referring to “statutory and constitutional mandates for a valid indictment” (emphasis added)].)
In short, in cases from three Departments, the Appellate Division has concluded that a count that refers to the offense charged but omits an element from its factual allegations is nonetheless sufficient under the CPL’s pleading statute. While these cases do not discuss the distinction the Court of Appeals has drawn between constitutional and statutory pleading requirements, they are nonetheless controlling, and they dictate the result in the defendant’s case here.
Application to the Instant Counts
Under Mirella, Del Pilar, and Shanley, the counts at issue here are not defective under the CPL. By naming the offense charged and citing to its statutory definition in their accusatory portions, they allege all the elements of the offense sufficiently to satisfy CPL 200.50 (7). (See People v Mirella, 105 AD2d at *370 1013.) Further, the counts as a whole provide adequate notice to the defendant of the conduct that is the subject of the accusation. (See People v Craft, 87 AD2d at 662-663.) Accordingly, the defendant’s motion to dismiss these counts is denied.
The defendant’s motion is also denied on the ground that it is time-barred. Motions to dismiss a count of an indictment must be brought within 45 days after arraignment, and, in addition, must be brought in a single omnibus motion. (See CPL 210.20 [1] [a], [2]; 255.20 [1], [2].) Here, the defendant brought her motion on July 14, 2008, seven months after the December 20, 2007 arraignment, and raised it in a separate motion, after her two prior motions challenging the indictment had been decided. And there is no basis upon which to excuse the delay. (See CPL 255.20 [3].)
The defendant does not appear to claim that the counts here are jurisdictionally defective — a claim that would not be barred by the 45-day limitations period. (See People v Marshall, 299 AD2d 809 [4th Dept 2002].) In any event, the counts are not jurisdictionally defective because, as discussed above, a reference in a count to the name of the offense charged and its statutory citation satisfies the minimum constitutional notice requirements. (See People v Cohen, 52 NY2d 584 [1981]; People v Iannone, 45 NY2d 589, 596 [1978].)
Amendments
The District Attorney’s application to amend these counts is granted. A review of the grand jury minutes indicates that the grand jurors were properly instructed on the crimes charged. Correcting the factual allegations would be consistent with that instruction, and would not change the theory of the case as presented to the grand jury. There is no prejudice to the defendant. The name of the crime, the statutory citation, and the documents disclosed or received pursuant to discovery have provided the defendant with ample notice of the charges and the basic facts alleged by the prosecution.[6] Finally, under controlling Appellate Division precedent, because the counts all include in their accusatory portion the name and statutory citation of the offenses charged, they already effectively allege every element of those offenses. (See People v Mirella, supra; People v Del Pilar, supra.) Consequently, conforming each count’s factual portion by adding the causation element would not be designed to *371 cure any “[l]egal insufficiency of the factual allegations,” as prohibited by the amendment statute. (CPL 200.70 [2] [b]; People v Shanley, supra.)
The District Attorney’s application to amend count seven to change the name of the complainant from “Virginia Casazza Urgo” to “Linda Chapman” is also granted. Because the identity of the victim is not an element of the crime, the amendment is not prohibited by CPL 200.70 (2). Further, the amendment conforms the factual allegations to the theory of the case presented to the grand jury, and does not prejudice the defendant. (See CPL 200.70 [1] [authorizing amendments “with respect to . . . matters of form, time, place, names of persons and the like” (emphasis added)]; People v Ames, 115 AD2d 543, 544-545 [2d Dept 1985] [amendment proper even though it changed number of robbery complainants from one to five]; People v Robinson, 71 AD2d 779 [3d Dept 1979] [amendment changing name of complainant correction officer proper]; cf. People v LaPetina, 34 AD3d 836, 838-839 [2d Dept 2006] [changing name of person injured in burglary count from Sunattie to Muneshwar improper, because grand jury indicted defendant for injuring Sunattie].)
The District Attorney’s application to amend counts 11 and 12 is denied, as the prosecutor has not advanced any reason for the amendment.
In sum, the defendant’s motion to dismiss counts one, two, three, five, and six is denied. That branch of the District Attorney’s motion that seeks to amend those counts, in accordance with the proposed amendments set out in the prosecution’s motion papers, is granted. These counts are further amended so that the allegation in each that the defendant drove while having a specified percentage by weight of alcohol in her blood shall also include the statutory language “as shown by chemical analysis of [her] blood.”[7] (Vehicle and Traffic Law § 1192 [2].) In addition, that branch of the District Attorney’s motion that seeks to amend count seven is granted as discussed above. Finally, that branch of the District Attorney’s motion that seeks to amend counts 11 and 12 is denied.
The original indictment is hereby deemed amended in accordance with this decision.
*372 Need for Statutory Revision
The amendment statutes should be revised to more clearly delineate what is a proper amendment. This court has previously so recommended. (People v Jackson, 153 Misc 2d 270, 276 [1991].) Statutory law should permit amendments to a count of an indictment where the grand jury was properly instructed on the definition of the crime, where the proposed amendment is consistent with that instruction and with the prosecution’s theory of the case, and where the amendment does not prejudice the defendant.

. The grand jury also charged the defendant with vehicular manslaughter in the second degree, but that offense, count four of the indictment, was dismissed on the ground that the prosecutor’s instructions to the grand jury were inadequate.

. There can be no doubt that this requirement, that the injury or death be the result of the defendant’s intoxication, is an element of these offenses. In fact, the statute defining each offense provides a rebuttable presumption on the issue of causation. (See e.g. Penal Law § 125.13 [first-degree vehicular manslaughter] [“If it is established that the person operating such motor vehicle caused such death or deaths while unlawfully intoxicated . . . then there shall be a rebuttable presumption that, as a result of such intoxication . . . such person operated the motor vehicle in a manner that caused such death or deaths, as required by . . . section 125.12 of this article”]; see also e.g. CJI2d[NY] Penal Law § 125.12 [1].)

. In addition, counts one and two, each charging aggravated vehicular homicide, erroneously attribute the cause of death to the defendant’s violation of Vehicle and Traffic Law § 1212 — the offense of reckless driving — rather than to her violation of Vehicle and Traffic Law § 1192 — driving while intoxicated.

. See e.g. People v D’Angelo, 98 NY2d 733, 735 (2002) (“Absent a timely motion to dismiss, we have no occasion to consider whether statutory mandates beyond the jurisdictional minimum required the indictment to recite” the labor-dispute exemption to the offense in its factual allegations); People v Ray, 71 NY2d 849, 850 (1988) (“[The defendant] argues that the indictment was jurisdictionally defective”); People v Motley, 69 NY2d 870, 872-873 (1987) (“Though a challenge to a jurisdictional defect in an indictment may be made notwithstanding a guilty plea, not every alleged defect is jurisdictional. . . . Consideration of defendants’ present nonjurisdictional challenges to their indictments is therefore precluded by their guilty pleas”); People v Wright, 67 NY2d 749, 750 (1986), revg on dissenting op below 112 AD2d 38, 39 (4th Dept 1985, Callahan, J., dissenting) (noting that defendant never moved to dismiss based on deficiency of factual allegations under statute, and explaining that “CPL 200.50 [7] [a] mandates that an indictment contain a plain and concise factual statement which ‘asserts facts supporting every element of the offense charged.’ However, no particular form of indictment is constitutionally mandated”).

. Significantly, Shanley relied exclusively on People v Marshall (299 AD2d 809 [4th Dept 2002]), in which the Fourth Department applied constitutional, jurisdictional defect criteria when it reviewed the trial court’s denial of the defendant’s pretrial motion to dismiss a count on the ground that, even though its allegations omitted an element, the count cited the statute defining the offense charged. But in Marshall, the Appellate Division applied constitutional criteria because the trial court had also denied the defendant’s motion as untimely, thus barring review of any but jurisdictional defects. (299 AD2d at 809.) Based on a review of the appellate briefs, that was not the case in Shanley.

. Indeed, it was this court, after this case was transferred to it for a trial schedule, that informed the parties of the deficiency in the factual allegations.

. This amendment does not prejudice the defendant and, as the counts were charged properly, with the statutory language, to the grand jury, the amendment does not change the prosecution’s theory of the case.