THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS BOYCE, Appellant. [866 NYS2d 203]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered October 11, 2005, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in permitting the People to offer certain testimony on its rebuttal case. In the exercise of its discretion, a trial court may permit either party to offer evidence on rebuttal which is not technically of a rebuttal nature but, more properly, a part of the offering party's original case (*see* CPL 260.30 [7]; *People v Alvino,* 71 NY2d 233, 248 [1987]; *People v James,* 285 AD2d 561 [2001]).

The defendant's contention that various comments made by the prosecutor during his summation were improper and deprived him of a fair trial is unpreserved for appellate review, as the defendant either did not object to the remarks at issue or made only general objections, or his objections were sustained without any further request for curative instructions and he failed to move for a mistrial (*see People v Heide,* 84 NY2d 943, 944 [1994]; *People v Osorio,* 49 AD3d 562 [2008]; *People v Muniz,* 44 AD3d 1074 [2007]). In any event, the challenged remarks did not exceed the bounds of rhetorical comment permissible in closing argument (*see People v Galloway,* 54 NY2d 396, 399 [1981]), constituted fair response to comments made during the defense counsel's summation, or were fair comment on the evidence (*see People v Osorio,* 49 AD3d 562 [2008]; *People v Muniz,* 44 AD3d 1074 [2007]).

The defendant's remaining contention is without merit. Mastro, J.P., Skelos, Covello and Leventhal, JJ., concur.