█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE JOHNSON, Appellant. [938 NYS2d 631]

The defendant's contention, in effect, that the indictment was jurisdictionally defective because it failed to allege every material element of the crimes charged, is without merit. "[T]he indictment effectively charge[d] . . . defendant with the commission of a particular crime and afforded him fair notice of the charges made against him, so that he [could] prepare a defense and . . . avoid subsequent attempts to retry him for the same crime" (*People v Welch*, 46 AD3d 1228, 1229 [2007] [internal quotation marks omitted], quoting *People v Ray*, 71 NY2d 849, 850 [1988] [citations omitted]; *see People v Cobb*, 2 Misc 3d 237, 241 [2003]).

The defendant also contends that his plea allocution under both counts of the indictment was insufficient, requiring the vacatur of his plea. However, having failed to move to withdraw his plea prior to the imposition of the sentence, the defendant has not preserved the issue of the sufficiency of his plea allocution for appellate review (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Aviles*, 150 AD2d 590, 591 [1989]). "Moreover, the 'rare case' exception to the preservation requirement does not apply here because the defendant's plea allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea" (*People v Watts*, 91 AD3d 678, 678-679 [2012]; *see People v Lopez*, 71 NY2d at 666). In any event, the facts admitted by the defendant in his allocution were sufficient to support his plea of guilty (*see People v Seeber*, 4 NY3d 780, 781 [2005]).

Finally, "[b]y pleading guilty, the defendant waived [his] claim that the evidence submitted to the grand jury was insufficient to support the indictment" (*People v Eun Sil Jang*, 17 AD3d 693, 694 [2005]; *see People v Hansen*, 95 NY2d 227, 233 [2000]). Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur.