■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN PEREZ, Appellant. [990 NYS2d 590]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Hubert, J.), rendered June 2, 2011, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions of criminal possession of a controlled substance in the seventh degree (two counts), and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The County Court did not err in permitting the People to cross-examine the defendant as to certain prior bad acts, some of which the court, after a pretrial *Sandoval/Ventimiglia* hearing (*see People v Sandoval*, 34 NY2d 371 [1974]; *People v Ventimiglia*, 52 NY2d 350 [1981]), had previously ruled would be precluded, as the defendant opened the door to such testimony on direct examination (*see People v Fardan*, 82 NY2d 638, 646 [1993]). The defendant's further contention that he was prejudiced by the language employed by the County Court in advising the jury that he would testify out of sequence is unpreserved for appellate review, as defense counsel did not

object at trial on the constitutional grounds raised now (*see People v Ford*, 69 NY2d 775, 776 [1987]). In any event, that contention is without merit.

The defendant's contention that the County Court erred in permitting repeated testimony by a police officer and detectives as to their knowledge of, and familiarity with, him from prior occasions is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is without merit. The County Court limited the testimony so that no references to the nature of the defendant's prior interactions with the law enforcement officers were elicited. In any event, even if testimony as to prior interactions with the defendant could have constituted evidence of uncharged crimes, such evidence would properly have been admissible as highly probative of the defendant's identity in light of his misidentification defense, and to provide necessary context for the officers' testimony regarding the circumstances of the investigation (*see People v Jones*, 101 AD3d 1241, 1242 [2012]; *People v Torres*, 19 AD3d 732, 734 [2005]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to support the defendant's convictions of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). However, as the People correctly concede, the defendant's convictions of two counts of criminal possession of a controlled substance in the seventh degree must be vacated, and those counts of the indictment dismissed, as they are inclusory concurrent counts of criminal possession of a controlled substance in the third degree (*see* CPL 300.40 [3] [b]; *People v Anderson*, 91 AD3d 789, 790 [2012]; *People v Bilal*, 79 AD3d 900, 902 [2010]).

"The right to effective assistance of counsel is guaranteed by the Federal and State Constitutions" (*People v Rivera*, 71 NY2d 705, 708 [1988]; *see* US Const Sixth Amend; NY Const, art I, § 6; *People v Fields*, 109 AD3d 553, 554 [2013]). Here, the defendant was not deprived of the effective assistance of counsel under the New York Constitution because, viewing defense counsel's performance in totality, counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Fields*, 109 AD3d at 554). Further, the defendant was not deprived of the

effective assistance of counsel under the United States Constitution (*see Strickland v Washington*, 466 US 668 [1984]).

The defendant's contention that the prosecutor made improper summation comments is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gopaul*, 112 AD3d 966, 967 [2013]; *People v Thompson*, 99 AD3d 819, 819 [2012]) and, in any event, is without merit, as the remarks constituted fair response to the defense summation (*see People v Rich*, 78 AD3d 1200, 1201 [2010]; *People v Martinez*, 58 AD3d 754, 755 [2009]).

The defendant's contention that he was deprived of a fair trial by the cumulative effect of the alleged errors is unpreserved for appellate review (*see People v Diaz*, 30 AD3d 436, 437 [2006]) and, in any event, is without merit (*see People v Sandoval*, 100 AD3d 1025, 1027 [2012]).

The defendant's remaining contentions are without merit. Dillon, J.P., Lott, Austin and Barros, JJ., concur.