■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK FRANKS, Appellant. [28 NYS3d 72]—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Collini, J.), rendered April 23, 2012, convicting him of assault in the second degree (two counts), obstructing governmental administration in the second degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his conviction was not supported by legally sufficient evidence is unpreserved for appellate review (*see People v Gray*, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court did not err in permitting the People to cross-examine the defendant as to the underlying facts of a prior conviction, which the court, after a pretrial *Sandoval* hearing (*see People v Sandoval*, 34 NY2d 371 [1974]), had previously ruled would be precluded, as the defendant opened the door to such testimony on direct examination (*see People v Rodriguez*, 85 NY2d 586, 591 [1995]; *People v Fardan*, 82 NY2d 638, 646 [1993]; *People v Perez*, 120 AD3d 514, 514 [2014]).

The Supreme Court providently exercised its discretion in permitting the People to offer a recording from Rikers Island of the defendant's phone conversation with a friend as evidence of consciousness of guilt (*see People v Bennett*, 79 NY2d 464, 470 [1992]; *People v Moses*, 63 NY2d 299, 308 [1984]; *People v Yazum*, 13 NY2d 302, 304 [1963]; *People v Braithwaite*, 126 AD3d 993, 995 [2015]; *People v De Vivo*, 282 AD2d 770, 772 [2001]; *People v Hernandez*, 118 AD2d 729 [1986]). Contrary to the defendant's contention, the court also providently exercised its discretion in permitting the People to call a rebuttal witness to authenticate the recordings (*see* CPL 260.30 [7]; *People v Boyce*, 54 AD3d 1052, 1053 [2008]; *People v Harris*, 232 AD2d 426, 426 [1996]).

The defendant failed to preserve for appellate review his contention that the Supreme Court should have provided a limiting instruction as to the probative value of the consciousness of guilt evidence, since he never made such a request (*see* CPL 470.05 [2]; *People v Baxter*, 102 AD3d 805 [2013]; *People v Hilton*, 210 AD2d 180 [1994]; *People v Singleton*, 121 AD2d 752 [1986]). In any event, to the extent that the failure to give such an instruction may be considered error, it was harmless, in light of the overwhelming evidence of the defendant's guilt, and the fact that there is no significant probability that but for the failure to give that instruction, the jury would have acquitted the defendant (*see People v Arroyo*, 131 AD3d 1257, 1258 [2015]; *People v Brody*, 82 AD3d 784, 785 [2011]).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel under the New York Constitution because, viewing defense counsel's performance in totality, counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Moreover, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (*see Strickland v Washington*, 466 US 668 [1984]).

The defendant also argues that he was deprived of the right to counsel because the phone calls that he made to friends while he was incarcerated at Rikers Island were recorded. This

contention is unpreserved for appellate review (*see People v Narayan*, 54 NY2d 106, 110 [1981]) and, in any event, without merit. Leventhal, J.P., Dickerson, Roman and Maltese, JJ., concur.