People v Danon (2018 NY Slip Op 08681)





People v Danon


2018 NY Slip Op 08681


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-10914
 (Ind. No. 161/16)

[*1]The People of the State of New York, respondent,
v
Eileen Danon, appellant.


Lynn, Gartner, Dunne & Covello, LLP, Mineola, NY (Kenneth L. Gartner, Tiffany D. Frigenti, and Joseph Covello of counsel), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Jason R. Richards and Ilisa T. Fleischer of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Terence P. Murphy, J.), rendered April 27, 2017, convicting her of driving while ability impaired by alcohol in violation of Vehicle and Traffic Law § 1192(1) and leaving the scene of an incident without reporting, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings pursuant to CPL 460.50(5).
The Supreme Court did not improvidently exercise its discretion in permitting the People to cross-examine the defendant as to her prior conviction for driving while intoxicated and her refusal to submit to a chemical test of her breath in connection with that incident. Although the court, after a pretrial Sandoval hearing (see People v Sandoval, 34 NY2d 371), had previously ruled that such evidence would be precluded, the defendant opened the door to such testimony on direct examination (see People v Rodriguez, 85 NY2d 586, 591; People v Fardan, 82 NY2d 638, 646; People v Franks, 137 AD3d 936, 937; People v Perez, 120 AD3d 514, 514). Moreover, the jurors are presumed to have followed a court's limiting instructions. Any prejudicial impact was minimized by the trial court's repeated instructions that the jury was not permitted to consider such prior criminal conduct or conviction as evidence of the defendant's guilt in this case or evidence that the defendant is a person disposed to commit such crimes, and could only consider the conduct or conviction to evaluate the defendant's truthfulness at this trial (see People v Morris, 21 NY3d 588, 598; People v Singh, 147 AD3d 787, 787-788).
The defendant's contention that the jury verdict on the count of driving while ability impaired by alcohol in violation of Vehicle and Traffic Law § 1192(1) was legally repugnant is unpreserved for appellate review, as she failed to raise this issue before the jury was discharged (see People v Alfaro, 66 NY2d 985, 987; People v Brown, 164 AD3d 695; People v Driver, 154 AD3d 958, 960). In any event, the contention is without merit.
LEVENTHAL, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court