People v Snyder (2020 NY Slip Op 06919)





People v Snyder


2020 NY Slip Op 06919


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, WINSLOW, AND BANNISTER, JJ.


1063 KA 18-02218

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SERENA L. SNYDER, ALSO KNOWN AS SERENA R. SNYDER, ALSO KNOWN AS SERENA LYNN SNYDER, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered September 7, 2018. The judgment convicted defendant upon a plea of guilty of bail jumping in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of bail jumping in the second degree (Penal Law § 215.56). The charge arose from defendant's failure to appear at proceedings related to her violation of the terms of her probation. The grand jury charged defendant by indictment with one count of bail jumping in the second degree. Thereafter, defendant made an omnibus motion requesting, inter alia, that County Court dismiss the indictment on the ground that the evidence presented to the grand jury was insufficient because the failure to appear at a violation of probation proceeding does not constitute a failure to appear "in connection with a charge against [her] of committing a felony" within the meaning of the statute (§ 215.56). The court denied that part of defendant's omnibus motion.
On appeal, defendant contends that the indictment is jurisdictionally defective because it does not include an allegation that she failed to appear "in connection with a charge against [her] of committing a felony" (Penal Law § 215.56). We reject that contention. " '[A]n indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime' " (People v Marshall, 299 AD2d 809, 810 [4th Dept 2002], quoting People v Iannone, 45 NY2d 589, 600 [1978]). Here, the indictment returned by the grand jury specifically referred to Penal Law § 215.56 (see generally People v Shanley, 15 AD3d 921, 922 [4th Dept 2005], lv denied 4 NY3d 856 [2005]), and its terms explicitly accused defendant of having violated every element of that offense, including that she failed to appear "in connection with a charge against her of committing a felony." To the extent that, rather than alleging a jurisdictional defect in the indictment, defendant contends on appeal, as she argued in her omnibus motion, that the evidence presented to the grand jury is legally insufficient (see generally Iannone, 45 NY2d at 600), defendant's contention is not properly before us. "It is well established that a defendant who pleads guilty may not challenge on appeal the sufficiency . . . of the evidence before the grand jury" (People v Colon, 151 AD3d 1915, 1919 [4th Dept 2017]; see People v Johnson, 92 AD3d 897, 898 [2d Dept 2012]).
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court